## CHAPMAN *v.* BATTLE.

1. Upon grounds of public policy, communications which would otherwise be slanderous are protected as privileged, if made in good faith in the prosecution of an inquiry regarding a crime which has been committed, and for the purpose of detecting and bringing to punishment the criminal. Statements likewise made in the prosecution of efforts to recover property which has been stolen are also protected as privileged communications.

2. There was evidence to sustain the verdict, and no sufficient reason has been shown for reversing the judgment.

Submitted December 1,—Decided December 22, 1905.

Action for damages.　Before Judge Holden.　Warren superior court.　June 14, 1905.

Starling Chapman brought suit against Amelia Battle for falsely saying of him the following "These men [meaning petitioner as one of them] were the robbers who got their money" (meaning the money of Amelia and Mary C. Battle), or other words to that effect.　The defendant in her answer denied the allegations of the petition, but stated that she and her sister were robbed, that she thought she recognized the voice, apparel, and faces of the persons committing the robbery, and that she told officers of the law and persons seeking information concerning the guilty parties of her suspicions against the plaintiff.　She pleaded that this was a privileged communication, made in the performance of a public duty, and made from a bona fide intent to protect her own interests, and was free from malice.　The case was tried, and a verdict rendered for the defendant.　The plaintiff moved for a new trial, on the general grounds, and on the ground that the court erred in charging as follows:　"I charge you, if defendant did make the statement or statements alleged and set out in this petition, and if they were made in connection with a prosecution, or contemplated prosecution, of the alleged theft, and if she made the statement with a bona fide intent to protect her own property, or to prosecute the party for the alleged theft, and in good faith, the plaintiff is not entitled to recover anything, and a verdict for the defendant should be rendered."　The motion was overruled, and the plaintiff excepted.

*L. D. McGregor* and *S. H. Sibley,* for plaintiff.

*E. P. Davis,* for defendant.

COBB, P. J.　The charge of the court excepted to sets out a correct statement of the law.　"Statements made with the bona fide intent on the part of the speaker to protect his own interest in a matter where it is concerned" are deemed privileged communications.　Civil Code, §3840(3).　The other principle contained in the charge, that statements made in good faith in the prosecution of an inquiry regarding a crime which has been committed are privileged communications, is in accordance with the ruling of this court.　In the case of *Ventress* v. *Rosser,* 73 *Ga.* 539, where the defendant was sued for slander, the slander being his accusation that the plaintiff had committed larceny, this court said: "The dec-

laration sufficiently shows, as does the evidence had on the trial, that the alleged slanderous charge was made in the performance of a public as well as a private duty, both legal and moral; and the jury by their verdicts have found that it was made bona fide; it was therefore a privileged communication." See also Newell on Slander and Libel (2d ed.), 500 ct seq.; Townshend on Slander and Libel (4th ed.), 421 et seq. To hold otherwise would be to raise a barrier between a criminal and detection, and impose a silence upon those whose knowledge might, and often does, lead to the arrest and conviction of the wrong-doer. Where a charge of the character involved in the present case is made against a person, and injury results therefrom, his right of action depends not solely upon his innocence, but also upon the motive of the person uttering the charge, and the circumstances under which it was made. The law gives an ample protection to a person maliciously or recklessly slandered in such a manner, but does not demand that the charge be sustained to save the accuser from liability for damages.

There was evidence to sustain the verdict, and there was no error in refusing to grant a new trial.

*Judgment affirmed.   All the Justices concur.*