### 7230. WALL v. SEABOARD AIR-LINE RAILWAY et al.

HODGES, J. 1. The ·petition alleges that the defendants "conspired to-gether wickedly, falsely, and maliciously, for the sole purpose of in-stituting, and to have instituted, a wilful, wicked, false, and malicious . criminal prosecution against him," but does not allege that any prose-cution was ever instituted. It simply charges a conspiracy to prose-cute. A malicious prosecution must be ended before the right of action accrues. Civil Code, § 4446. This one had no beginning; con-sequently there was no cause of action for malicious prosecution.

2. An overt act must be done in pursuance of and in execution of the alleged conspiracy, before an action on the case for malicious prosecu-tion can be maintained against the alleged conspirators. "The action can not be·sustained because there has been a conspiracy or combina-tion to do injurious acts." In Savile v. Roberts, 1 Ld. Raym. 374, Lord Holt said: "It was objected at the bar against these old cases, that they were grounded upon a conspiracy, which is of an odious nature, and, therefore, sufficient ground for an action by itself. But to this objection he answered, that conspiracy is not the ground of these actions but the damage done to the party, for an action will not . lie for the greatest conspiracy imaginable if nothing be put in execu-tion." Adler v. Fenton, 24 How. 407 (16 L. R. A. 696). This court, following the·principle stated, has ruled that conspiracy itself furnishes no cause of action; that the gist of the action is not the conspiracy, but the tortious act perpetrated, and the damage flowing therefrom. *Woolruff* v. *Hughes,* 2 *Ga. App.* 361 (58·S. E. 551).

3. The petition set forth no cause of action for slander. "Upon grounds of public policy, communications which would otherwise be slanderous are protected as privileged, if made in good faith in the prosecution of an inquiry regarding a crime which has been committed, and for the purpose of detecting and bringing to punishment the criminal. Statements likewise made in the prosecution of efforts to recover property which has been stolen are also protected as privileged com-munications." *Chapman* v. *Battle,* 124 *Ga.* 574 (52 S. E. 812). As to the allegations in the petition being mere conclusions that de-fendants sought to induce the persons named to swear falsely, see also *Lawrence* v. *Georgia Ry. & El. Co.,* 9 *Ga. App.* 309 (71 S. E. 593).

4. It appears that the persons interrogated by the defendants were those of whom the interest to be advanced required that the questions should be asked, and that the questions were relevant as a matter of law. *Holmes* v. *Clisby,* 121 *Ga.* 241 (48 S. E. 934, 104 Am. St. R. 103) ; *Sheftall* v. *Central of Ga. Ry. Co.,* 123 *Ga.* 589 (51 S. E. 646).

5. The language·used and questions asked were not slanderous in them-selves, and an innuendo can not enlarge the meaning of an unambigu-ous statement or question. Odgers on Libel and Slander, 77; *Whitley* v. *Newman,* 9 *Ga. App.* 89, 90 (70 S. E. 686).

6. An amendment to the petition was offered, and, on objection, was dis-allowed. The bill of exceptions does not set out the amendment, and it is not attached thereto as an exhibit. This court can not consider

what purports to be a copy thereof embraced in the transcript, there being no filing of the amendment, and the same not being a part of the record. *Anderson* v. *Cavanaugh*, 16 *Ga. App.* 446 (85 S. E. 606).

7. The court did not err in sustaining the demurrer and in dismissing the action.                                        *Judgment affirmed.*

DECIDED JULY 19, 1916.

Action for damages; from city court of Savannah—Judge Davis Freeman. December 18, 1915.

*E. S. Fuller, Oliver & Oliver,* for plaintiff.

*Anderson, Cann, Cann & Walsh,* for defendants.

