*Albert E. Mayer* and *Albert G. Callaway,* contra.

## CHILDS *v.* NEW ENGLAND MUTUAL LIFE INSURANCE COMPANY.

No. 11756. April 15, 1937. Adhered to on rehearing, July 22, 1937.

*George G. Finch* and *McElreath, Scott, Duckworth & DuVall,* for plaintiff in error.

*Jones, Powers & Williams,* contra.

PER CURIAM. Under the facts contained in this record, the court erred in sustaining the demurrer to the amendment referred to in the statement of facts. While the verdict upon the original suit which proceeded to trial after the demurrer was sustained was a verdict in favor of the two defendants in the suit, nevertheless LeRoy Childs had the right to have the further issue sub-. mitted to the jury as to whether or not the debt had been fully settled by agreement between the parties, and that for that reason the plaintiff had no right to have the deeds annuled and canceled upon the grounds alleged. And in addition thereto, garnishment proceedings had been sued out, and Childs was entitled, under the facts alleged in his amendment, which are admitted to be true, to have such a verdict as will render it clear that the plaintiff was not entitled to maintain the garnishment proceedings; so that it will not be necessary for Childs to go into another court or into this court and set up that the issue in these garnishment proceedings was res judicata. While the plea was not controlling upon all issues, it is controlling upon what the court deems a vital issue

in the case; and under an exception in general·terms to the verdict, though no motion for a new trial was made, and none of the evidence is in the record, under the ruling in *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353 (58 S. E. 1047), Childs was authorized to sue out this bill of exceptions without bringing up further parts of the record, such as the evidence, etc. See *Williams* v. *Seaboard Air-Line Ry. Co.*, 165 *Ga.* 655 (3) (141 S. E. 805). *Winecoff* v. *Atlanta Title & Trust Co.*, 184 *Ga.* 488 (192 S. E.   ). For the reasons stated, the sustaining of the demurrer to the amendment was erroneous, and to that extent only the judgment is

*Reversed. All the Justices concur except Beck, P. J., and Bell, J., who dissent.*