28276.   WEBB *v.* PRINCE *et al.*

Decided June 10, 1940.   Rehearing denied June 29, 1940.

*Paul T. Chance*, for plaintiff.   *Curry & Curry*, for defendant.

PER CURIAM. ■ Generally a private person who causes or directs the arrest of another by an officer without a warrant may be held liable for false imprisonment, in the absence of justification. Therefore one who actively instigates or procures an arrest, without lawful process, is generally regarded as the principal for whom the officer acts, and he may be liable to respond in damages. But one who merely states to an officer what he knows of a supposed offense, even though he expresses the opinion that there is ground for the arrest, but without making any charge or requesting an arrest does not thereby make himself liable for false imprisonment. However maliciously and without probable cause the defendant may act in reporting to an officer facts which justify an arrest, if the arrest is made without his command, request, or direction, he is not liable. The mere fact that he asked that the law be enforced, without assuming and declaring or directing the precise procedure by the officer, will not make him liable. In order to render responsible a person causing the arrest of another without a warrant, it is not necessary that he direct the arrest in express terms. Ann. Cas. 1917E, 406; L. R. A. 1915E, 883; 22 Am. Jur. 376; *Gordon* v. *Hogan*, 114 *Ga.* 354 (40 S. E. 229). While it was held in *Hammond* v. *D. C. Black Inc.*, 53 *Ga. App.* 609 (186 S. E. 775), that the "person calling the officers is not guilty of an illegal arrest where he does not direct or request the making of the arrest," it was not held that the direction had to be made in express terms. It is sufficient that the person alleged to have caused the plaintiff's arrest should by his conduct and acts have procured and directed the arrest. The Supreme Court, in *Waters* v. *National Woolen Mills*, 142 *Ga.* 133 (3) (82 S. E. 535), held: "A petition which alleged that the defendants caused certain detectives to go to plaintiff's room at a hotel where he resided, and to arrest, detain, and imprison him, without a warrant, in the police barracks of the city, thus depriving him of his personal liberty . . set forth a good cause of action, and the court erred in dismissing the petition on demurrer." It is contended by the defendants that the petition as amended failed to set out a cause of action against them, in that it did not appear therefrom that the plaintiff's alleged false arrest and imprisonment were caused by them or were at their direction or request. In other words, they contend that it plainly. appears, from the allegations of the petition as amended, that the plaintiff's

arrest was by the police officers without urging or instigation on the part of the defendants or any of their servants or employees acting within the scope of their employment, in that it appears that the police were merely summoned by the defendants' employees in charge of the restaurant, and the check which the plaintiff had requested them to cash for her was merely turned over to such police officers, who thereupon made the arrest upon their own initiative, without any warrant or any charges being preferred by the defendants against the plaintiff or any request being made by them for the plaintiff's arrest.

In considering this case, and in dealing with the question whether the allegations of the petition as amended set forth a cause of action or not, that is, whether the facts alleged show any liability upon the part of the defendants for the arrest of the plaintiff, the fact should be borne in mind that the plaintiff was in the defendants' place of business as an invitee, and she did not occupy the status of a mere stranger who entered the defendants' place of business to request the cashing of a check. It appeared from the petition before it was amended, that after the plaintiff had entered the defendants' restaurant, and while she was there as a customer on business, she asked one of the defendants' employees, a waitress, if she (the plaintiff) could get a check cashed at the restaurant; that this waitress took the check after stating that she thought that the check might be cashed; that the employees of the defendants "thereupon telephoned to the police headquarters in said city and requested that they send officers to said restaurant; that shortly thereafter a policeman came into the restaurant," and such employees immediately went into conference with him, and the officer then came over to where she was sitting; that the officers refused to listen to her explanation, but forced her up from the table and arrested her; and "that said officers were summoned as aforesaid, and said check was turned over to them by the said employees of the defendants, and plaintiff's arrest and incarceration was caused and instigated by the defendants acting by and through their said employees in charge of said restaurant." The defendants demurred on the ground that while it is alleged "that plaintiff's arrest and incarceration was caused and instigated by the defendants acting by and through their employees in charge of said restaurant," the employees are not named, nor is it alleged wherein and under what

circumstances these defendants or their agents caused plaintiff's arrest or incarceration. The judge sustained this ground of demurrer, with leave to amend. The plaintiff thereupon filed an amendment alleging, in part, that "said employees, taking advantage of their position and authority as managers of said business, and while acting in the course and within the scope of their employment, called in said officers and caused plaintiff's arrest at a time when they were in duty bound to have protected plaintiff as an invitee and patron of said restaurant, by the exercise of ordinary care, diligence, and prudence."

The allegation that the defendants "called in said officers and caused plaintiff's arrest," when taken in connection with the context, where it is alleged that the arrest was "caused and instigated" by the defendants, amounts to an allegation that the defendants through their agents procured or directed the arrest of the plaintiff. The petition therefore set out a cause of action, and the court erred in sustaining the general demurrer.

■ The plaintiff assigns error also upon the overruling of demurrers interposed by her to certain paragraphs of the defendants' answer. An order of the court overruling a demurrer to a portion or all of a defendant's answer or plea is neither a final judgment nor a judgment which would be final if rendered as contended for. Neither is a judgment sustaining a demurrer to a plea and answer a final judgment to which a bill of exceptions will lie. Such a judgment, if rendered as contended for by the plaintiff, would not have been a final disposition of the case. When the judge sustained the general demurrer to the petition and dismissed the action, the case was at an end and out of court, unless the appellate courts, upon writ of error, should reverse that ruling. This court has just held that the judge erroneously sustained the demurrer and dismissed the action. When the remittitur from this court reaches the trial court the case will be pending therein as if the defendants' general demurrer to the petition had been overruled, or no demurrer had been interposed. The ruling complained of in the added assignment of error in the bill of exceptions, which was an order overruling the plaintiff's demurrer to the defendants' answer, is a mere pendente lite ruling. Code, §§ 6-701, 6-804; *McRae* v. *Boykin,* 50 *Ga. App.* 866 (179 S. E. 535) ; *Childs* v. *New England &c. Co.,* 184 *Ga.* 637 (192 S. E. 433) ; *Turner* v. *Camp,* 110 *Ga.* 631 (36 S. E. 76) ;

*Armor* v. *Stubbs,* 150 *Ga.* 520 (104 S. E. 500); *Thomas* v. *Berry,* 151 *Ga.* 7 (4) (105 S. E. 478); *Avery* v. *Graham,* 26 *Ga. App.* 161 (105 S. E. 708); *Donalsonville Oil Mill* v. *Robinson,* 26 *Ga. App.* 181 (105 S. E. 719); *Wyse* v. *McKinney,* 42 *Ga. App.* 579 (157 S. E. 246); *Reagin* v. *Stroud,* 51 *Ga. App.* 405 (180 S. E. 763). Therefore the assignment of error to the order of the court overruling the demurrer to part of the defendants' answer is premature, it appearing that the case is pending in the trial court, and can not be now considered by this court. It is ordered, however, that the official copy of the bill of exceptions of file in the clerk's office in the trial court be, as to the assignment of error on the judgment overruling the plaintiff's demurrer to a part of the defendants' answer, retained in the trial court as exceptions pendente lite to that judgment.

*Judgment reversed, with direction. Stephens, P. J., and Felton, J., concur.*

SUTTON, J., dissenting. While the petition as amended, after setting forth certain acts and conduct of the employees of the defendants, alleges that the plaintiff's arrest and incarceration "were caused by and instigated by defendants acting by and through the said employees in charge of said restaurant," this general allegation is only a conclusion of the pleader, unsupported by the specific facts alleged, and, under well-settled principles of law, must yield to them. Such a conclusion without supporting facts is not good even against a general demurrer. *Jones* v. *Ezell,* 134 *Ga.* 553 (5) (68 S. E. 303); *Harper* v. *Lindsey,* 162 *Ga.* 44, 47 (132 S. E. 639); *Horton* v. *Sanchez,* 57 *Ga. App.* 612, 617 (195 S. E. 873). It is shown by the petition as amended that the employees, including the manager, summoned a police officer to the defendants' place of business, inferably because of their suspicion that the plaintiff was seeking to cash a spurious check, and to obtain an investigation by such officer; that upon his arrival they conferred with him and placed the check in his hands for inspection; that without any direction or request by any of the defendants' employees the officer approached the plaintiff and inquired as to where she had obtained the check; that in a few moments other officers arrived, and, without any direction or request from any of the employees, surrounded the plaintiff and, after protestations from her as to her good faith in offering the check, forced

her to abandon her table and took her away and incarcerated her. It is not shown that the employees took any part in the wrong of which the plaintiff complains, unless it could be said that the summoning of the police officer, conferring with him, and placing the check in his hands for inspection, would amount to a tortious act. In *Hammond* v. *D. C. Black Inc., 53 Ga. App.* 609 (supra), where an officer was summoned to the place of business of the defendant where a person was endeavoring to dispose of a diamond, and where, after the officer arrived and made an investigation and other officers were called, the person was taken from the premises and placed in jail, it was held: "Where a person calls police officers to his place of business where there is a man he suspects of having committed a crime, and the officers come, and after taking in the situation arrest the suspected person, and the arrest is illegal, the person calling the officers is not guilty of an illegal arrest where he does not direct or request the making of the arrest, notwithstanding he may acquiesce in the arrest and do nothing to prevent or discourage it." A nonsuit was granted in the *Hammond* case, and that judgment was affirmed by this court. On a motion to nonsuit, the rule is that the court shall construe the evidence most favorably to the plaintiff, and if upon such a construction the evidence would authorize a verdict for the plaintiff, it would be error to grant a nonsuit. But where the plaintiff's petition is challenged by a general demurrer, as in the present case, the rule is that the petition shall be construed most strongly against the pleader. Under the facts alleged, I am of the opinion, as the learned trial judge was, that the case of *Hammond* v. *Black,* supra, is controlling authority for sustaining the general demurrer, and I think the judgment of the trial court should be affirmed. I dissent from the ruling of the majority reversing the judgment of the trial court sustaining the defendants' general demurrer; but I concur in the ruling that the exception to the overruling of the plaintiff's demurrer to the defendants' answer was prematurely brought to this court.