34954, 34955.   HILL *v.* HENRY; and *vice versa.*

■■

Decided May 4, 1954.

■■

*E. C. Harvey, Jr., E. T. Hendon, Jr.,* for plaintiff in error.
*Lewis R. Slaton, Jr.,* contra.

QUILLIAN, J.   Howard L. Hill filed suit in two counts against Clifford D. Henry in Fulton Superior Court.   The first count undertook to set up an action for malicious prosecution; the second count sought damages for false arrest.   The defendant demurred generally to both counts; his demurrer to the first count was sustained, and the demurrer to the second count was overruled.   The case proceeded to trial and at the conclusion of the evidence the court directed a verdict.   To that order and to the sustaining of the demurrer to count one, the plaintiff excepted and brought the case to this court by direct bill of exceptions.   The defendant filed a cross-bill, in which he complains of the adverse ruling on his general demurrer to the second count of the petition.   For the sake of convenience, we will refer to the parties in the relative positions they occupied in the trial court.

The plaintiff contended that the defendant caused him to be illegally restrained of his liberty without any warrant being issued for his arrest, and without any excuse for not obtaining a warrant.   The defendant contended that he found certain hub

caps recently stolen from him in the plaintiff's possession; that the plaintiff failed to explain satisfactorily his possession; that, while he did call the police officers' attention to the situation and stated to them that he desired to prosecute the man who stole the hub caps, he never accused the plaintiff of having stolen the hub caps, or requested his arrest. The defendant further contended that the plaintiff was at his place of business on the morning before the hub caps were stolen from him that night.

The evidence showed that the plaintiff and one Darcy Capehart were dealing in used cars; that, on the night of Saturday, November 3, 1952, the plaintiff had a 1939 Ford automobile fitted with a certain type 16-inch hub caps at a place in the City of Atlanta where an auction of automobiles was being conducted. The defendant had been the victim of a larceny on the previous Saturday night, when four hub caps of the same kind were taken off his automobile. He identified the four hub caps on the plaintiff's automobile as those which had been stolen from him. The marks of identification by which he determined they were his hub caps were testified to by him. When he found the hub caps, the defendant summoned the police officers, complained to them that the plaintiff was in possession of the hub caps. There was the very positive testimony of the plaintiff and several police officers that the defendant told the officers to arrest the plaintiff, and that he refused to defer the arrest until the following morning, in order to allow the plaintiff to confer with his partner with a view to definitely ascertaining where they obtained the hub caps. This, the defendant and several of his witnesses, including a police officer, denied. The plaintiff was arrested by the officers and incarcerated. One of the policemen testified that the marks on the caps by which the defendant said he recognized them could have been on anybody's hub caps. The plaintiff gave contradictory reasons of how he came into possession of the hub caps, stating at one time and testifying on the stand that he thought they were on the car when he bought it, and in another statement he said he had been away from the city, and that his partner bought these hub caps, or some hub caps in his absence, that he did not know what happened in his absence, and that he would have to consult with his partner to ascertain where the hub caps came from. At one point he testified that

his partner put the hub caps on the automobile. His partner testified that the hub caps on the car were 16-inch hub caps and were on the automobile when the plaintiff bought it. He also testified that there was nothing peculiar to these hub caps that would distinguish them from others of like kind. The defendant testified that one mark on his caps was a cut on one hub cap, and the plaintiff's partner testified that one of the hub caps on the car had been damaged in a slight collision that he himself had with a trolley.

The officers testified that they gave the defendant notice of the time and place of a commitment trial before the recorder, at which hearing the plaintiff appeared and the defendant did not. This the defendant denied, as did one of his witnesses.

■ Count one of the petition failed to allege facts necessary to an action for malicious prosecution, in that it did not allege that the plaintiff was prosecuted under a valid warrant. *Swift* v. *Witchard,* 103 *Ga.* 193 (2, 3) (29 S. E. 762); *Alexander* v. *West,* 6 *Ga. App.* 72 (64 S. E. 288); *Cary* v. *Highland Bakery,* 50 *Ga. App.* 553 (179 S. E. 197).

■ As against a general demurrer, count two of the petition sufficiently alleged a case of false imprisonment. It is true that it did not in so many words allege that no warrant had been issued or that the arrest of the plaintiff was made without a warrant, but, given a fair interpretation, it is not susceptible to any other interpretation. It alleges that the arrest was not legal and was without authority. Where, as in the instant case, a private person causes an officer to arrest another illegally without a warrant, he is liable in an action for false imprisonment to the person thus arrested. *Gordon* v. *Hogan,* 114 *Ga.* 354 (40 S. E. 229); *Waters* v. *National Woolen Mills,* 142 *Ga.* 133 (82 S. E. 535). The ruling complained of in the cross-bill of exceptions was not error.

■ There were conflicts in the evidence as to some of the controlling issues of the case. Among these was whether the defendant caused the plaintiff's arrest and whether the hub caps in the plaintiff's possession were those stolen from the defendant. Then too, while the plaintiff made an explanation, indeed several, as to his possession of the hub caps that were in his possession, as to whether his explanation, though conflicting in particu-

lars, was satisfactory, was a question for the jury. *Chafin* v. *State*, 42 *Ga. App.* 289 (1) (155 S. E. 777); *Anderson* v. *State*, 50 *Ga. App.* 182 (177 S. E. 526). " 'The unexplained, or unsatisfactorily explained, possession of stolen goods—the fruits of a recent burglary—raises a presumption of guilt against their possessor. This presumption, however, is one of fact, and not of law.'" *Dixon* v. *State*, 26 *Ga. App.* 13 (4a) (105 S. E. 39). It was error to withdraw the case from the jury.

The case of *Hicks* v. *Brantley*, 102 *Ga.* 264 (29 S. E. 459), is not authority for any different view from what is said here. In the *Hicks* case it was held that advice by the solicitor-general that the facts of a case fully and fairly disclosed to him by a prosecutor were sufficient to authorize the prosecution of another, constituted probable cause in an action of malicious prosecution. The instant case is factually different from that case. Here no prosecuting attorney advised the arrest to be made. The cases are also dissimilar in that, in a suit for malicious prosecution such as that case was, it is an absolute defense that the prosecution was upon probable cause, while in a case of the nature of the case at bar—a suit for false imprisonment—that the defendant acted upon probable cause is a defense, which, as above stated, does not defeat, but only serves to reduce the amount of the plaintiff's recovery.

The case of *Walker* v. *Whittle*, 83 *Ga. App.* 445 (2b) (64 S. E. 2d 87), is similar but distinguishable from the case at bar, in that here the defendant, according to the plaintiff's evidence, had the officers to arrest him without a warrant and under none of the circumstances under which an arrest could be legally made. Code § 27-207. In this case, if the plaintiff's proof is believed, the defendant knew that the officers had no warrant for the plaintiff's arrest because he himself summoned them to the scene of the arrest and immediately made his complaint and requested the arrest, well knowing that the officers had gone before no magistrate to obtain a warrant and had no right under the law to arrest the plaintiff without one.

The trial court erred in directing the verdict in favor of the defendant, as complained of in the main bill of exceptions.

*Judgment reversed on main bill of exceptions, and affirmed on cross-bill. Felton, C. J., and Nichols, J., concur.*