43940. WSAV-TV, INC. v. BAXTER, by Next Friend.

EBERHARDT, Judge. 1. A petition seeking recovery of damages for an alleged defamation by a television broadcast alleging that the defendant broadcasting station maliciously broadcast on its evening news report the scene of plaintiff's son, on whose behalf the action was brought, as he was taken in a shopping center by the police to a squad car, under apparent arrest, together with the announcement that he was arrested by the police for throwing rocks at or into a school bus, despite the fact that the police informed defendant's reporter who covered the scene that the boy was not being arrested or charged with any offense and that they were merely taking him to his home in connection with an investigation, and despite the further fact that before the broadcast defendant's news director called the police headquarters seeking to obtain the boy's name and were again told that he had not been under arrest, had not been charged with any offense, was not in custody and the police refused to divulge the boy's name, and further alleging that the police investigation completely exonerated plaintiff's son, establishing that he had not been present at the rock-throwing incident and fixed the blame on four other individuals who had admitted commission of the acts, states a claim upon which relief can be granted, and it was proper to deny a motion to dismiss. *Harper v. DeFreitas*, 117 Ga. App. 236 (160 SE2d 260). The general allegation that the scene was maliciously broadcast is sufficient. *Code Ann.* § 81A-109 (b).

2. While the broadcasting or publishing of news stories of what happens in the community in which the public has a legitimate interest is a privileged communication, it is a qualified privilege unless relating to matters as to which the law confers an absolute privilege. *Code* §§ 105-709, 105-712; *American Broadcasting-Paramount Theatres v. Simpson*, 106 Ga. App. 230 (126 SE2d 873). If the privilege is absolute it is immaterial whether there may have been a malicious publication, but where, as here, the privilege is a qualified one it must be exercised in good faith and without malice. *Code* § 105-710; *Atlanta News Publishing Co. v. Medlock*, 123 Ga. 714 (51 SE 756, 3 LRA (NS) 1139); *Shiver v. Valdosta Press*, 82 Ga. App. 406 (61 SE2d 221). While the burden is on the defendant to establish its defense that the com-

munication was a priviledged one, when it has made a prima facie showing of privilege the burden is then upon the plaintiff to establish that the publication was made with actual malice. *Van Gundy v. Wilson,* 84 Ga. App. 429 (66 SE2d 93). And see *Code* § 105-706; *Atlanta Journal v. Mayson,* 92 Ga. 640 (18 SE 1010); *Savannah News-Press v. Hartridge,* 110 Ga. App. 203 (138 SE2d 173, 44 ASR 104).

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.*

SUBMITTED SEPTEMBER 4, 1968—DECIDED FEBRUARY 12, 1969.

*Hitch, Miller, Beckmann & Simpson, Robert M. Hitch,* for appellant.

*Joseph B. Bergen,* for appellee.