## 49702. HARDAWAY v. SHERMAN ENTERPRISES, INC. et al.

EBERHARDT, Presiding Judge.

Shirley Mae Hardaway brought suit against Sherman Enterprises, Inc. and John H. Mosley seeking damages for an alleged libel. She alleged that the defendant Mosley, with the consent of his employer, Sherman Enterprises, charged her with the offense of forgery when he stated to city detectives R. P. Pitts and H. E. Brumbelow that "she (meaning plaintiff) was standing by the cash register [in a liquor store where he worked] and signed that person's name on the check." The statement was made in the presence of John Bowden.

Defendants moved for summary judgment, presenting in support thereof an affidavit of Mosley in which he asserted that the plaintiff had cashed the check at the liquor store where he worked, and that subsequently the police detectives came to the store to investigate a charge that the indorsement on the check had been forged, and that pursuant to their questioning, and not otherwise, he made the statement to the detectives; that all statements which he made relative to the plaintiff were made pursuant to the questioning of the police and were never made for any purpose other than in answer to the police inquiry.

The motion for summary judgment was granted and plaintiff appeals. *Held:*

Statements made in good faith pursuant to investigation by police or other officers authorized to investigate crime or criminal activity are made in the performance of a public duty and are privileged. Code § 105-709 (1). If such were not the case these officers would find it virtually impossible to ferret out the facts and prosecute those who have violated the criminal laws. It is difficult at best, but the law does not put roadblocks before those who may have information and prevent the communication of it to the officers. Indeed, it is made the duty of one having such information to report it to those in authority. *Williams v. State,* 126 Ga. App. 302 (1) (190

SE2d 807).

"Communications which would otherwise be slanderous are protected as privileged, if made in good faith by the injured person in the prosecution of an inquiry regarding a crime which he believes to have been committed upon his property, and for the purpose of detecting the criminal or bringing him to punishment." *Taylor v. Chambers,* 2 Ga. App. 178 (58 SE 369). The privilege thus accorded is upon the grounds of public policy. *Chapman v. Battle,* 124 Ga. 574 (1) (52 SE 812); *Wall v. Seaboard Air-Line R.,* 18 Ga. App. 457 (3) (89 SE 533); *Ventress v. Rosser,* 73 Ga. 534, 539.

Nor does it matter, where the statement was made in good faith and believed to be true, that the party concerning whom it was made may subsequently have been found to be innocent. *Gillis v. Powell,* 129 Ga. 403, 410 (58 SE 1051).

A different result is not required by the holding in *Lanham v. Keys,* 31 Ga. App. 635 (121 SE 856), relied upon by appellant, since the action of the employee, whose duty it was to detect shoplifters, in pointing out one who he thought had purloined goods was directed to another who was his superior in employment, and not to the police or other officers in the course of an investigation, and was unnecessarily made public.

The alleged slanderous statement, as set out in the plaintiff's complaint and answers to interrogatories, was as follows: "That she (meaning plaintiff) was standing by the cash register and signed that person's name on the check . . . she stood right here and cashed the check and I cashed the check."

In the affidavit presented in support of the motion for summary judgment, defendant Mosley swore that "all statements regarding plaintiff made by affiant were made pursuant to questioning by the said police officers and were *never at any time made for any purpose other than in answer to a police inquiry.*" (Emphasis supplied.) This is not denied in any way. Good faith sufficiently appears from this affidavit.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

Argued September 6, 1974 — Decided October 21, 1974 —

REHEARING DENIED OCTOBER 30, 1974 — 

*E. B. Shaw,* for appellant.
*Barwick, Bentley & Binford, M. Cook Barwick, James L. Ford,* for appellees.