## 51032. FISHER v. J. C. PENNEY COMPANY, INC. et al.

PANNELL, Presiding Judge.

Hazel Fisher and her husband, Robert E. Fisher, brought an action against J. C. Penney Company, Inc., doing business as J. C. Penney Company, and J. C. Penney Company, Inc., doing business as Treasure Island. The complaint alleged that Hazel Fisher was arrested for shoplifting in a Treasure Island store and an employee of the Treasure Island store reported the offense to "J. C. Penney," and advised Hazel Fisher's employer (J. C. Penney) of the charges. As the result of this she resigned her job because of the pressures put upon her. The petition further alleged that she was acquitted of the shoplifting charge. Both she and her husband claimed damages as the result of the alleged wrongful acts of defendants. The defendants made a motion for summary judgment and summary judgment was granted as to Hazel Fisher. The evidence disclosed that Hazel Fisher was arrested on November 27, 1970, she resigned December 7, 1970 and was acquitted of the shoplifting charge in January, 1973. The report by the employee of Treasure Island to J. C. Penney was in the week following the arrest. The evidence disclosed that Hazel Fisher went into a Treasure Island store to exchange a shirt she had previously purchased for her husband, which exchange was accomplished. While there she picked up a pair of panty hose and placed the hose in her purse, and was seen doing so by two store employees. She attempted to leave the store without paying for the hose and was stopped by a security guard, taken to a back room in the store, and with her consent the purse was searched and the hose found. While the evidence was in some conflict as to the picking up of the panty hose, whether prior to or after she completed the exchange of the shirt, and as to whether the panty hose was completely in her purse or partly showing, she contending it was not completely hidden. The fact she attempted to leave the store without paying for the hose is undisputed; she claims however she was merely forgetful about the hose. The order granting summary judgment in favor of the defendants and against the plaintiff, Hazel

Fisher, entered on March 10, 1975, contained the following language: "Defendant's Motion for Summary Judgment having come on regularly for hearing and at the time of said hearing it being stipulated by and between attorneys for all parties that probable cause existed for the arrest of the plaintiff, Hazel Fisher, and it further being stipulated that Hazel Fisher therefore had no legal claim for malicious prosecution or malicious arrest, and argument of counsel then being heard and considered in relation to all other allegations brought by plaintiff Hazel Fisher against these defendants, . . ." and the grant of the summary judgment followed. *Held:*

1. It is apparent from the stipulation to the effect there was probable cause for the arrest that the plaintiff, Hazel Fisher, has no claim for false imprisonment or malicious prosecution as the result thereof.

2. Nor was there an invasion of privacy by the report of the Treasure Island employee to J. C. Penney Company. Plaintiff's pleadings show that Treasure Island and J. C. Penney Company were trade names for J. C. Penney, Inc. Under these circumstances, the employee was duty bound to make such report and the report was therefore privileged. Code § 105-709 (2); *LuAllen v. Home Mission Board,* 125 Ga. App. 456 (2) (188 SE2d 138). Further, the charge against the complainant, Hazel Fisher, became a matter of public investigation and the report thereof, or publication in connection therewith, is not an invasion of privacy. *Waters v. Fleetwood,* 212 Ga. 161, 167 (91 SE2d 344).

3. Complainant's own testimony shows that she resigned upon request and no threats or statements that she would be fired unless she did so were made to her. She was merely asked if she would like to resign. And she did. Under these circumstances, there was no wrongful discharge occasioned by the report of the Treasure Island employee. See, *Wilkinson v. Trust Co. of Ga.,* 128 Ga. App. 473 (197 SE2d 146).

4. There was no error in granting the defendant's motion for summary judgment as to Hazel Fisher.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED SEPTEMBER 3, 1975 — DECIDED
SEPTEMBER 30, 1975.

*Paul S. Weiner,* for appellant.
*Neely, Freeman & Hawkins, William Q. Bird,* for appellees.