## 56750. ZAKAS v. MILLS.

BELL, Chief Judge.

This is a suit for slander and invasion of privacy. Plaintiff alleged in his complaint that defendant maliciously accused plaintiff of committing a crime, and that defendant publicly disclosed false information, thereby damaging plaintiff's reputation and peace of mind. Defendant answered, denying the material allegations of plaintiff's complaint. Defendant's motion for summary judgment was granted. In support of her motion defendant established by depositions and affidavits that she was the assistant manager of a Stop-N-Go market and that she saw plaintiff pump gasoline into his automobile at the self-service pumps in front of the store and then drive off without paying for it. Immediately thereafter, defendant called the police department and reported the theft, giving a police officer a description of plaintiff and his car. Four days later, the officer located plaintiff at a restaurant. Defendant later swore out a warrant for plaintiff's arrest. In his deposition plaintiff denied the theft and set up by this testimony the defense of alibi to the alleged crime. Defendant averred in her affidavit that the information she gave the officer was furnished in an attempt to locate the individual who stole the gasoline; that the statements were made in good faith in the prosecution of an inquiry regarding a crime. *Held:*

1. To accuse another of a crime punishable by law is slander, and damages are inferred from the act. Code Ann. § 105-702. However, statements made in good faith pursuant to investigation by police of a crime are made in the performance of a public duty and are privileged. Code Ann. § 105-709 (1); *Hardaway v. Sherman Enterprises, Inc.,* 133 Ga. App. 181 (210 SE2d 363). Privileged communications bar recovery. Code Ann. § 105-706. The evidence presented in support of the motion for summary judgment pierced the allegation of the complaint and the burden then shifted to the plaintiff to show the existence of issues of fact. He did not. Good faith sufficiently appears from defendant's evidence and in the absence of a showing by plaintiff of a lack of good faith the trial court properly granted summary judgment to defendant as to the slander

count. *Hardaway v. Sherman Enterprises, Inc.,* supra.

2. The trial court also properly granted summary judgment as to the invasion of privacy count. As defendant was duty bound to report the theft, the charge against plaintiff thereafter became a matter of public investigation and the statements made in connection therewith are not an invasion of privacy. *Fisher v. J. C. Penney Co.,* 135 Ga. App. 913 (219 SE2d 626).

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

ARGUED OCTOBER 12, 1978 — DECIDED NOVEMBER 22, 1978.

*W. Gary Moore,* for appellant.

*Phillips, Hart & Mozley, Michael G. Frick, George W. Hart,* for appellee.