## 63838. CLEVELAND v. GREENGARD.

DEEN, Presiding Judge.

On July 25, 1981, appellee Greengard observed a man, whom he did not know, run out of the house next door, knock another man to the ground and begin to choke him. Greengard called the police and reported the incident. The police responded to the call and in the course of their investigation asked Greengard certain questions, which he answered to the best of his knowledge. On August 31, appellant Cleveland filed an action alleging that Greengard had falsely, wickedly and maliciously uttered a false and scandalous defamatory slander, to wit, that Cleveland had committed an act of battery against another person; that this act of slander per se was the accusation of committing a crime which was made a part of the public record and therefore scattered throughout the community; and that as a result he had been "greatly injured in his good name, reputation, fame and credit, exposed to public hatred and contempt and ridicule amongst his neighbors, and other good and worthy citizens to whom the innocence [sic] and integrity of the plaintiff in the premises are unknown, on account of the said grievances from thence the plaintiff has been brought into public scandal [sic], infamy and disgrace and has been greatly humiliated and the plaintiff is entitled to $500,000.00 damages from the defendant for such suffering." Greengard's motion for summary judgment was granted and Cleveland brings this appeal. We affirm.

"To accuse another of a crime punishable by law is slander, and damages are inferred from the act. Code Ann. § 105-702. However, statements made in good faith pursuant to investigation by police of a

crime are made in the performance of a public duty and are privileged. Code Ann. § 105-709 (1); *Hardaway v. Sherman Enterprises, Inc.,* 133 Ga. App. 181 (210 SE2d 363). Privileged communications bar recovery. Code Ann. § 105-706. The evidence presented in support of the motion for summary judgment pierced the allegation of the complaint and the burden then shifted to the plaintiff to show the existence of issues of fact. He did not. Good faith sufficiently appears from defendant's evidence and in the absence of a showing by plaintiff of a lack of good faith the trial court properly granted summary judgment to defendant as to the slander count. *Hardaway v. Sherman Enterprises, Inc.,* supra." *Zakas v. Mills,* 148 Ga. App. 220 (1) (251 SE2d 135) (1978). Accord, *Corbin v. First Nat. Bank,* 151 Ga. App. 33 (2) (258 SE2d 697) (1979); *Dixie Beer Co. v. Boyett,* 158 Ga. App. 622 (281 SE2d 356) (1981).

Cleveland's affidavit in opposition to Greengard's motion for summary judgment does not deny that he was beating another person. It asserts merely that two people standing in the yard when Greengard spoke to the police officers told appellant that Greengard made a formal statement to the officers accusing Cleveland of committing the act. This was self-serving hearsay which failed to present a requisite showing of publication or malice, and was properly not considered by the trial court. Since the appellee neither encouraged nor commanded any law enforcement officer to arrest or prosecute the appellant, and the record is devoid of any suggestion of malice or bad faith, the reporting of the appellant's actions under such circumstances is privileged under Code § 105-709 (1). *Dixie Beer v. Boyett,* supra; *Citizens & Southern Bank v. McDowell,* 160 Ga. App. 69 (286 SE2d 58) (1981).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 28, 1982.

Jesse Cleveland, *pro se.*
*Lawrence D. Kupferman,* for appellee.