68435. MORELAND v. POSS.

BANKE, Presiding Judge.

Acting as attorney for the appellant's former wife, appellee Poss filed a "citation for contempt" against the appellant, based on his alleged failure to make child support and property settlement payments as required under the terms of a divorce decree. The fourth paragraph of this petition stated as follows: "It is further *ordered by the court* that the sheriff of DeKalb County or his lawful deputy arrest the defendant, JOHN TERRY MORELAND, and incarcerate him in the common jail of DeKalb County until he purges himself of this contempt by paying to LISA BAILEY MORELAND the sum of THREE HUNDRED ($300.00) DOLLARS in arrearage of child support and ONE HUNDRED THIRTY TWO ($132.00) DOLLARS in arrearage on the automobile." (Emphasis added.) It is undisputed that no such order had in fact been issued by the court. However, certain personnel in the DeKalb County Sheriff's Office apparently came to believe that such an order had been issued, and a request for the appellant's arrest was consequently transmitted from DeKalb County to Rockdale County, where the appellant resided. The appellant was thereafter arrested by Rockdale County sheriff's deputies and was incarcerated for several hours, until the $432 arrearage was paid on his behalf.

In the present action, the appellant asserts damage claims against Poss, the sheriffs of DeKalb and Rockdale Counties, and several other named and unnamed officials of the two sheriff's departments, based on violation of his federal constitutional rights, malicious arrest, false

imprisonment, invasion of privacy, conversion (in reference to the $432 which was paid to procure his release from custody), assault and battery, and trespass. The malicious arrest claim was subsequently abandoned; and, after considerable discovery, the trial court granted a motion by Poss for summary judgment as to all the remaining counts of the complaint. This appeal followed.

The official in the DeKalb sheriff's office who processed the arrest documents testified that she had engaged in telephone conversations with a person purporting to be Poss in which she had been led to believe that a court order had been issued for the appellant's arrest. While Poss denies having been a party to any such telephone conversations, this witness stated that she was able to recognize his voice, having spoken with him on prior occasions. *Held*:

1. The trial court erred in granting summary judgment to the appellee with respect to the civil rights claim. A cause of action exists under 42 USC § 1983 against any person who causes another to be deprived of his constitutional rights under color of state law. See generally Monroe v. Pape, 365 U. S. 167 (81 SC 473, 5 LE2d 492) (1961). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F2d 740, 743-744 (9th Cir. 1978).

A private attorney will not be deemed to have acted under color of state law merely because, as a duly licensed officer of the court, he invokes the judicial process to obtain relief for his client. See Henderson v. Fisher, 631 F2d 1115, 1119 (3rd Cir. 1980). However, the appellee in this case is alleged to have done much more than merely invoke the judicial process on behalf of his client. He is alleged to have deliberately misrepresented to law enforcement personnel that the appellant had been adjudicated in contempt of court when in fact no such adjudication had taken place. Such a wilful perversion of the judicial process by an attorney has previously been held to give rise to liability under 42 USC § 1983. See Buller v. Buechler, 706 F2d 844, 852-853 (8th Cir. 1983); U. S. Gen., Inc. v. Schroeder, 400 FSupp. 713 (E.D.Wis. 1975). Cf. Rankin v. Howard, 633 F2d 844 (9th Cir. 1980). The appellee's reliance upon Hansen v. Ahlgrimm, 520 F2d 768 (7th Cir. 1975), is misplaced. In the first place, that decision was disapproved in Dennis v. Sparks, 449 U. S. 24, n. 3 (101 SC 183, 66 LE2d 185) (1980). Moreover, the alleged liability of the attorney in that case was predicated on his having sought and obtained a court order resulting in the plaintiff's arrest and incarceration, not on his having misrepresented the existence of such an order.

2. "Generally a private person who causes or directs the arrest of another by an officer without a warrant may be held liable for false

imprisonment, in the absence of justification. Therefore one who actively instigates or procures an arrest, without lawful process, is generally regarded as the principal for whom the officer acts, and he may be liable to respond in damages." *Webb v. Prince*, 62 Ga. App. 749 (1) 752 (9 SE2d 675) (1940). See also OCGA § 51-7-20; *Hill v. Henry*, 90 Ga. App. 93, 95 (2) (82 SE2d 35) (1954). It follows that the trial court also erred in granting summary judgment to the appellee on the false imprisonment claim. Nothing in *Melton v. Jenkins*, 50 Ga. App. 615 (2) (178 SE 754) (1934), is authority for a different conclusion. The court's holding there was merely that an attorney who had in good faith invoked a court ruling adjudicating the plaintiff in contempt and ordering his incarceration could not be held liable for damages for false imprisonment, despite a later determination that the court had exceeded its jurisdiction in issuing the order. As emphasized in Division 1, supra, the distinguishing feature of the present case is that the defendant is alleged to have procured the appellant's arrest and incarceration by misrepresenting to law enforcement personnel that an arrest order existed, when in fact it did not.

3. The claims for invasion of privacy, conversion, assault and battery, and trespass are all based on the theory that the officers who effected the appellant's arrest were acting as Poss' agents in doing so. However, it is clear from the record that the officers were not in fact acting on behalf of Poss but were at all times purporting to discharge their official duties. There is no contention that these additional defendants were engaged in any sort of unlawful conspiracy with Poss to violate the appellant's rights. Therefore, in view of the fact that the appellant has a complete remedy against Poss based on either the § 1983 claim or the false imprisonment claim, we hold that the trial court properly granted Poss' motion for summary judgment with respect to the remaining tort claims.

*Judgment reversed in part and affirmed in part. McMurray, C. J., and Pope, J., concur. Benham, J., disqualified.*

DECIDED JULY 5, 1984 —
REHEARING DENIED JULY 24, 1984 — 

*James J. Macie*, for appellant.
*Jeffrey O. Bramlett, Jeffrey M. Smith*, for appellee.