70141, 70142. ARROWSMITH v. WILLIAMS et al.; and vice versa.
(331 SE2d 30)

BANKE, Chief Judge.

The plaintiff, Ann J. Arrowsmith, was employed as jewelry manager of a retail branch of defendant Sky City Stores, Inc. (Sky City), when, on Thursday, December 17, 1981, ten rings were discovered in one of several empty boxes which she had previously obtained permission to use for wrapping Christmas gifts. On that same day, she was called into the office of the store manager, defendant Joseph Marshall Williams, who, in the presence of plaintiff's supervisor, defendant Mary Beth Morris, confronted her with the discovery of the rings and accused her of either theft or attempted theft. Plaintiff contends that she was discharged at this meeting, while both Williams

and Morris assert that she resigned.

Plaintiff did not return to the store until Monday, December 21, 1981, at which time she engaged Williams in a dispute over whether or not she had been fired. She then departed the store but returned that afternoon and occupied her former position behind the jewelry counter, despite being told by Williams that she was no longer an employee. After she refused several requests to vacate her position behind the jewelry counter, Williams called the sheriff's department to request assistance in removing her. Law enforcement officers were dispatched to the scene, whereupon the plaintiff refused additional requests by both Williams and a police officer that she leave the jewelry counter. She was then arrested for obstruction of an officer, transported to jail, and held for about 3-½ hours. At a preliminary hearing held on December 31, 1981, she was bound over to the superior court on the charge of obstruction of an officer; however, in November of 1982, the district attorney determined not to prosecute for that offense. In December of 1983, the district attorney filed an accusation against her for criminal trespass, which charge is still pending.

In this suit, plaintiff seeks to recover damages from the defendants for breach of her employment contract, negligence, malicious prosecution, false arrest, false imprisonment, slander, and intentional infliction of emotional distress. In Case No. 70141, she appeals the trial court's grant of summary judgment in favor of the defendants as to the allegations of negligence, malicious prosecution, false arrest, and false imprisonment. (The trial court also granted summary judgment to the defendants on the count of the complaint alleging breach of her employment contract, but plaintiff does not enumerate this ruling as error.) In Case No. 70142, the defendants appeal the denial of their motions for summary judgment as to the allegations of slander and intentional infliction of emotional distress. *Held*:

1. The negligence count is based on Sky City's alleged failure to exercise proper care in training Williams, Morris, and another supervisor with regard to personnel and security management, as well as its failure to establish proper personnel policies. The negligent failure of an employer to promulgate sufficient rules and regulations to govern the conduct of its employees or to enforce such rules which have been promulgated raises no legally cognizable claim. *Walker v. Gen. Motors Corp.*, 152 Ga. App. 526 (3) (263 SE2d 266) (1979). Accordingly, the trial court did not err in awarding summary judgment to Sky City as to this count of the complaint.

2. As to the counts alleging false arrest, false imprisonment, and malicious prosecution on the part of Williams and Sky City, it is apparent that the offense for which plaintiff was arrested, detained, and charged was totally unrelated to the purpose for which the police were summoned, i.e., to procure her removal from the premises.

Neither Williams nor any other employee of Sky City requested that plaintiff be arrested for any offense, and the arrest was in fact effected by the officer for an offense allegedly committed in his presence, i.e., obstruction of an officer.

A private person who actively instigates or procures an arrest is generally regarded as the principal for whom an arresting officer acts. See *Moreland v. Poss*, 171 Ga. App. 733 (2) (320 SE2d 841) (1984); *Webb v. Prince*, 62 Ga. App. 749 (1) (9 SE2d 675) (1940). However, if the decision to arrest or prosecute is left to the uncontrolled discretion of the officer, or if the officer makes an independent investigation or prosecutes for an offense other than the one charged by the private person, the latter will not be deemed as having instigated the proceedings. See *Melton v. LaCalamito*, 158 Ga. App. 820 (2) (a) (282 SE2d 393) (1981). It follows that the trial court did not err in awarding summary judgment to Williams and Sky City as to the counts alleging malicious prosecution, false arrest, and false imprisonment.

3. Defendants contend that the trial court erred in denying their motion for summary judgment as to the count alleging that Williams, Morris, and Sky City were guilty of intentional infliction of emotional distress in accusing the plaintiff of theft.

The tort of intentional infliction of emotional distress is recognized in this state, where the "defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass, or frighten the plaintiff." *Ga. Power Co. v. Johnson*, 155 Ga. App. 862 (2) (274 SE2d 17) (1980). "Claims for intentional infliction of emotional distress have been upheld by this court when the threats on which those claims were based were outrageous and egregious." *Sossenko v. Michelin Tire Corp.*, 172 Ga. App. 771 (324 SE2d 593) (1984).

The alleged accusation of theft occurred in Williams' office, when he and Morris, as the plaintiff's supervisors, confronted her with the discovery of store merchandise in boxes which she evidently intended to remove from the store. This evidence strongly suggests that their actions were undertaken in a good-faith effort to discharge their supervisory responsibilities rather than with the malicious intention of inflicting emotional distress on the plaintiff. Certainly, in the absence of any evidence suggesting either a malicious purpose on their part or wanton disregard of the plaintiff's rights, their behavior cannot reasonably be characterized as outrageous or egregious. See *Sossenko v. Michelin Tire Corp.*, supra. Accordingly, the trial court erred in denying the defendants' motion for summary judgment as to the count alleging intentional infliction of emotional distress.

4. Williams and Sky City contend that the trial court erred in denying their motion for summary judgment as to the count alleging that they slandered plaintiff by informing the police that she had previously stolen or attempted to steal the rings. While admitting that

the statement was made, the defendants contend it constituted a privileged communication, thus placing a burden on the plaintiff to come forth with evidence of actual malice.

Communications made in good faith in the performance of a legal or moral private duty or with a good-faith intent on the part of the speaker to protect his interest in a matter in which he is concerned are privileged. OCGA § 51-5-7 (2, 3). Williams averred in his affidavit that all the statements he made to the police officers were related to the question of the plaintiff's authority to remain on the premises and to the request that she be removed therefrom. Plaintiff has submitted no evidence to rebut this evidence of good faith on the part of the defendants. Accordingly, we hold the trial court erred in refusing to grant summary judgment to the defendants as to the allegations of slander. Accord *Cleveland v. Greengard*, 162 Ga. App. 201 (290 SE2d 545) (1982); *Zakas v. Mills*, 148 Ga. App. 220 (1) (251 SE2d 135) (1978); *Hardaway v. Sherman Enterprises*, 133 Ga. App. 181 (210 SE2d 363) (1974).

*Judgment affirmed in Case No. 70141. Judgment reversed in Case No. 70142. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 16, 1985 —
REHEARING DENIED MAY 2, 1985 — 

*Lovick P. Anthony, Jr.*, for appellant.
*R. William Buzzell II*, for appellees.