70672. MINTON v. THOMSON NEWSPAPERS, INC.
(333 SE2d 913)

Birdsong, Presiding Judge.

Summary Judgment — Libel. On August 28, 1984, Doris Minton was the driver of an automobile which she was using to deliver prescription drugs from several pharmacists to the patient-purchasers. As she approached an intersection within the limits of Valdosta, she apparently failed to yield the right-of-way to crossing traffic proceeding in the intersecting roadway. As a result her car and another was involved in a collision. Valdosta police were alerted to the accident and commenced an investigation.

Upon arriving at the scene, one of the investigating officers observed Mrs. Minton in an incoherent, dazed and hysterical condition refusing attention. He saw numerous spilled pills and apparent drugs scattered inside Mrs. Minton's car. The officer offered evidence that although upon checking with Mrs. Minton's delivery responsibilities and becoming aware that she was normally engaged in delivering drugs for various pharmacies, nevertheless based upon her physical and neurological appearance (which he equated as consistent with that of numerous other persons who had been charged by him with being under the influence of drugs), he charged Mrs. Minton with driving under the influence, failing to yield the right-of-way, causing an accident, and driving without evidence of no-fault coverage. These charges apparently were formally reduced to writing by the execution of traffic violation citations and entered on an accident report. The accident report reflected that Mrs. Minton had been tested for driving under the influence by the administering of a blood test but the results of that test were pending. The officer testified by deposition that the formal charge of DUI was not dismissed until the hearing of the case on October 5, 1984. The blood test reflected negative both for alcohol and drugs. The officer also deposed that he neither smelled alcohol at the scene nor did he suspect Mrs. Minton of driving under the influence with alcohol as the probable intoxicant.

Later that same day, a reporter for the Thomson Newspapers, Inc. d/b/a The Valdosta Times, made a routine check with the police

"blotter" to check for community news items. He observed the accident report (involving injuries) and the charges including the one of "DUI." The following day a news item identifying Mrs. Minton reported that "[s]he was charged with failure to yield the right-of-way, driving under the influence of alcohol and failure to maintain no-fault insurance, said reports." The reporter admitted that he did not investigate beyond the report filed by the investigating officer and because "DUI" with a blood test usually involved alcoholic intoxication, that is the way he reported the accident.

Mrs. Minton brought this complaint alleging the paper had libeled her by accusing her of a crime that she did not commit and without verifying the accuracy of the report. Upon motion by the newspaper for grant of summary judgment, the trial court ruled in its favor. It is the grant of that motion that forms the basis of this appeal by Mrs. Minton. *Held*:

The investigating police officer when filing his report reflected only that Mrs. Minton had been charged with "DUI." The report did not reflect what was the underlying and suspected cause of the state of intoxication. The reporter affirmed that a report of DUI together with a requested blood test generally was understood by him as reflecting driving under the influence of alcohol unless otherwise indicated by the reporting officer. In his common experience, the notation that the results of the test were pending meant that the percentage of the blood-alcohol would not be known until the results of the test were returned from the state crime lab. The reporter also was aware that the investigating officer had noted on the accident report that he had been unable to question Mrs. Minton due to the fact she was unconscious and incoherent. This too was considered by the reporter to be consistent with alcoholic intoxication.

OCGA § 40-6-391 proscribes driving under the influence either of alcohol or drugs. By its title, it is manifest that the prohibited conduct is driving under the influence of an intoxicant, whether that intoxicant be alcohol, drugs, or a combination of both. In this case the charging officer intended Mrs. Minton to be charged with driving under the influence of drugs. Therefore it is manifest that the reporter incorrectly reported that charge as driving under the influence of alcohol. However, Mrs. Minton seeks to base her case and this appeal upon the fact that she was under the influence of neither alcohol nor drugs and a minimum of investigation by the reporter would have disclosed the truth of her position. Thus, Mrs. Minton in substance asserts that by its negligence in failing to investigate the truth of the matter, the paper libeled her by reporting that she was under the influence of any intoxicant at all. She argues the reckless reporting of a crime which she did not commit was libelous per se.

We experience much difficulty with this argument. In the first

place, the police officer in this case intended to and did charge Mrs. Minton with the crime of driving under the influence. That charge was not dismissed until a disposition hearing 38 days after the laying of the charge. While it is true that to accuse another unjustly of a crime punishable by law is slander, and damages are inferred from the act, at the same time statements or reports made in good faith taken from and pursuant to judicial records or reports made by police pursuant to investigation of a crime are made in the performance of a public duty and are privileged. See *Hardaway v. Sherman Enterprises*, 133 Ga. App. 181 (210 SE2d 363). Privileged communications or publications bar recovery for libel or slander. *Zakas v. Mills*, 148 Ga. App. 220 (1) (251 SE2d 135). Members of the media which routinely broadcast or publish news stories of what happens in the community in which the public has a legitimate interest are afforded a cloak of protection in that the publication constitutes a qualified privilege. *WSAV-TV v. Baxter*, 119 Ga. App. 185 (2) (166 SE2d 416). Where the privilege is qualified (conditional), the exercise of the privilege must be in good faith and ordinary care. *Triangle Publications v. Chumley*, 253 Ga. 179, 182 (317 SE2d 534).

In determining whether the publisher exercised ordinary care in ascertaining the truth or accuracy of its publication, we are immediately confronted with the privileged nature of a police investigation, admittedly filed by a policeman as an official report of an accident investigation conducted by that officer concerning a citizen of the community and involving the community itself (i.e., an accident occurring in the community in which injuries were inflicted). Not only was the publication thus conditionally privileged but the law does not require a publisher to conduct an independent investigation unless the police report was such as to raise serious doubts as to the truth of the publication. *St. Amant v. Thompson*, 390 U. S. 727, 733 (88 SC 1323, 20 LE2d 262). See also *Williams v. Trust Co. of Ga.*, 140 Ga. App. 49, 55 (230 SE2d 45). We are satisfied that the police report filed in this case was factually accurate as of the time of the filing and was factually and accurately reported by the reporter basing his report solely on the accident report filed in the case. A reasonable person would conclude that one who drives through an intersection who is charged with DUI, is subject to a blood test, and is not responsive to questioning because of incoherence or unconsciousness, could have been intoxicated.

Mrs. Minton however would have this court as well as the court below conclude that because at worst she was charged with driving under the influence of drugs (which was proven to be wholly incorrect), the reporter improperly reporting that she had been charged with driving under the influence of alcohol, was doubly incorrect and held her up to ridicule and contempt before the community in which

she lived. As already held, we find no requirement under the facts of this case for the reporter to conduct a separate investigation to verify the accurateness of a valid police report. Thus the only real question is whether the reporter's incorrect assumption that the charge of driving under the influence was caused by alcohol rather than by drugs was such to defame Mrs. Minton.

We are at a loss as to what predicate upon which to lay any libelous defamation involved in the nature of the report, as obviously was the trial court. The charge laid against Mrs. Minton was driving under the influence, without further delineation. That is the gravamen of the crime proscribed by OCGA § 40-6-391 (a). Whether the intoxicant is alcohol or drugs or a combination of both, the crime is the same. Thus whether the reporter catagorized the intoxicant at all or stated it to be caused by alcohol, drugs, or a combination, the stigma would be the same, i.e., an accusation of driving under the influence. In this case the reporter accurately reflected that "reports" stated the crime was DUI. Inasmuch as the reporter was garnering information of a privileged nature (a police report) of an incident in the community (also rendering the report privileged), the publication of the police report with only a minor inaccuracy was not an actionable defamatory libel. *Williams v. Trust Co.*, supra, p. 60. Accordingly, we find no error in the grant of summary judgment to the publisher-appellee.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JULY 16, 1985.

*William A. Davis, Jr.*, for appellant.
*W. G. Elliott*, for appellee.