## 22136. DAVIS v. STEPHENS et al.

BROYLES, C. J. 1. Special grounds 5 and 8 of the motion for a new trial (complaining of the court's refusal to give certain requested charges to the jury) are not in proper form for consideration, since it is not alleged in either ground that the requested charge was pertinent and applicable to the facts of the case. Ward v. Gardner, 35 Ga. App. 569 (134 S. E. 346).

2. The following charge was not error: "I charge you that the burden of proof in this case is on the plaintiff to make out his case by a preponderance of the evidence."

3. The remaining special ground of the motion for a new trial (complaining of the refusal of the court to permit a witness for the movant to answer a certain question propounded to him on the direct examination) is too defective to raise any question for consideration, since it is not stated therein that the court was informed as to what answer would be given by the witness if he were allowed to answer the question. Griffin v. Henderson, 117 Ga. 382 (43 S. E. 712).

4. "In actions for malicious prosecution, the question is, not whether the plaintiff was guilty, but whether the defendant had reasonable cause to believe—whether the circumstances were such as to create in the mind of the defendant a reasonable belief that there was probable cause for the prosecution. Johnson v. Miller, 63 Iowa, 529 [17 N. W. 34, 50 Am. St. R. 758]. Probable cause is defined to be the existence of such facts and circumstances as would excite the belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." Hartshorn v. Smith, 104 Ga. 235, 239 (30 S. E. 666).

5. "The general principle that, in an action for malicious prosecution, there can be no recovery without a concurrence of the want of probable cause with malice, is fully recognized. If probable cause and malice are both present, there can be no recovery; if they are both absent, there can be none. In this class of actions, it is only where malice is present and probable cause is absent that there can be a recovery." Coleman v. Allen, 79 Ga. 637, 640 (5 S. E. 204, 11 Am. St. R. 449).

(a) "The mere fact that the prosecution was abandoned, or that the person charged with a criminal offense has, upon trial therefor, been acquitted, is not sufficient to prove malice or want of probable cause." Thornton v. Story, 24 Ga. App. 503(3) (101 S. E. 309), and cit.

6. "The fact that the prosecution was instituted on the advice of counsel is a circumstance which may be considered by the jury in passing upon the questions of malice and want of probable cause (Stewart v. Mulligan [11 Ga. App. 660 (3), 661, 75 S. E. 991]); and while it is a good defense that the prosecution was instituted in good faith upon the advice of the solicitor-general that the facts as stated constitute an indicable offense, when such advice is based upon a true statement of all the facts known to the prosecutor, even though on the trial under the indictment it appears that the facts as stated do not constitute a crime and that the accused was not in fact guilty of any offense (Hicks v. Brantley [102 Ga. 264, 29 S. E. 459]), yet the advice of the State's attorney is no defense,

228

unless it is given after a full, fair, and complete statement by the prosecutor of all the facts known to him relating to the alleged offense." *Thornton* v. *Story*, supra.

7. Under the foregoing rulings and the facts of the instant case, it was a question for the jury to determine whether the defendant instituted the prosecution in good faith, or maliciously and without probable cause. The jury, by their verdict for the defendant, evidently resolved this question in his favor; and that finding having been authorized by the evidence and approved by the trial judge, and· no error of law appearing, the judgment must be and is

*Affirmed. Jenkins, P. J., and Luke, J., concur.*
DECIDED APRIL 30, 1932.

*Cecil V. Whiddon, C. Mortimer Mason,* for plaintiff.
*R. S. Arnold, Hall & Jones,* for defendants.