28474. POWELL, receiver, *et al.* v. CROWELL.

DECIDED OCTOBER 5, 1940. REHEARING DENIED DECEMBER 12, 1940.

*Dykes, Bowers & Dykes,* for plaintiffs in error.

*Fort, Fort & Fort,* contra.

FELTON, J.   1.   The verdict was supported by the evidence.

2.   Evidence as to the amount received by the plaintiff in a settlement with an insurance company for damages to the plaintiff's automobile was properly excluded as a circumstance illustrating the value of the automobile in this suit against a railroad company for damages to the automobile.

3.   Grounds 3, 4, 5, 6, and 7 of the motion for new trial assign error on the court's reading to the jury certain allegations of negligence contained in the plaintiff's petition.   This was not error, and there was no assignment of error on any charge on any question of law relating to these allegations which were read to the jury.   The jury had the petition out with it, and could have read the allegations at its pleasure.   "It is one thing to state what a party contends, and another and a very different thing to state the law applicable to such contention."   *Atlanta Knoxville & Northern Ry. Co.* v. *Gardner,* 122 *Ga.* 82 (8), 93 (49 S. E. 818).

4.   Error was assigned on the following charge to the jury: "I charge you that certain evidence by way of photographs and a certain plat before you, and there appears in them or some of them the following picture or drawing of a sign with the following words thereon: 'Georgia Law, Unsafe Crossing.'   I charge you, gentlemen of the jury, that there is no law in Georgia that requires a person to stop before crossing a railroad-track at a grade crossing of a public road, and this evidence is only admitted for your consideration along with the other evidence to show or illustrate what diligence the plaintiff exercised if any;" the grounds of error being that the law does require a person operating an automobile to stop fifty feet before reaching the rail nearest the automobile where there is a sign "Georgia Law, Unsafe Crossing," and that the charge took away from the jury any right it otherwise would have had to consider the value of the evidence on the subject, and was the direct expression by the court as to what weight and credit should be given to this particular evidence.   There is no merit in this contention.   While the statement to the effect that there is no such law is inaccurate, it was not harmful to the defendants, because as a matter of practical effect, so far as they are concerned in such a case, there is no such law.   The consequences of a violation of

the act of 1925, known as the "safe and unsafe crossing act" (Code, § 95-1808), is a matter exclusively between the State and the person who violates the act. The act itself provided that the existing law in reference to civil cases for the recovery of damages on account of personal injuries or injuries to property at or near any railroad crossing should apply, and that the intent of the act was not to change the existing law. We do not construe the ruling in the case of *Carter* v. *Powell,* 57 *Ga. App.* 360 (195 S. E. 466) as holding that this statute may be pleaded by a railroad company. The ruling in headnote 1 in the *Carter* case is exclusively a ruling on general demurrer. In the next place, to allow a railroad to plead this statute would require a charge thereon, and the act makes a charge on it reversible error in favor of the injured person. The charge was not a direction to the jury as to the weight to be given to any particular evidence, and did not take away from them the right to consider the value of the evidence.

5. Error was assigned on the following charge: "Under our law regulating the operation of railroad-trains at grade crossings, which I have given you in charge, it is a question for the jury whether due care under the circumstances will require the engineer when approaching a crossing to have his train under such control that he can bring it to a stop if necessary in order to avoid injury to a person on the crossing;" the reasons assigned being that the undisputed evidence showed that the plaintiff never did get on the crossing, was not hit on the crossing, and that the law only requires an engineer to exercise ordinary care in approaching a crossing, but makes no reference to the speed of a train under any circumstances. The jury was authorized to find that the engine of the train struck the plaintiff's automobile within fifty feet of the crossing. We can not see how the charge was prejudicial to the receiver, defendant in the lower court.

6. There is no merit in the assignment of error contained in ground 10 of the motion for new trial.

7. Ground 11 of the motion assigns error on the refusal of the court to give to the jury a requested charge. Such a ground will not be considered when, as is true here, it does not show that it was applicable to the facts of the case. *Caswell* v. *State,* 27 *Ga. App.* 76 (7) (107 S. E. 560); *Davis* v. *Stephens,* 45 *Ga. App.* 227 (164 S. E. 111); *Maner* v. *State,* 45 *Ga. App.* 594 (165 S. E. 305).

8. It was not error to refuse to give the following requested charge: "I charge you, gentlemen, that the law of this State provides that every person operating a motor vehicle, on approaching a crossing which has been designated as an unsafe crossing, shall bring his vehicle to a full stop at a distance of not more than fifty feet from the nearest rail of the track, before he shall cross over or attempt to cross over the track. I charge you that if a preponderance of the evidence in this case shows that the plaintiff did not bring his automobile to a full stop at fifty feet or more from the crossing, and if you further believe that his failure to do so was the sole proximate cause of the collision, then I charge you that he could not recover in this case," for the reason that it was equivalent to an instruction that the violation of the safe and unsafe crossing act is negligence per se, and because the giving of such charge would itself violate the statute. Code, § 95-1808.

9. It was not error to refuse to give the following requested charge: "I charge you further that the law fixes no speed of trains in this State, and the railroad company is not guilty of negligence because of running at any speed. The engineer in charge of a locomotive or propelling power of the train is required only to use ordinary care and diligence to prevent doing injury to persons on the crossings or within fifty feet between the train and the crossing along the track. If he discovers persons on the crossing at such places, he is then required to use ordinary care and diligence to prevent doing injury to such persons after so discovering them," for the reason that it was not a correct statement of the law applicable to the pleadings and the evidence.

10. It was not error to refuse to give the following requested charge: "Any person on the railroad-track beyond the crossing from which the train is approaching would be regarded as a trespasser. If you believe from the evidence in this case that the plaintiff was on the railroad-track on the opposite side of the crossing from the direction in which the train was approaching, the engineer would owe him no duty whatever until his presence was discovered. Upon discovering his presence there, the duty devolves upon the engineer or operator of the train to use every care and diligence to prevent doing injury to him after his presence is discovered," for one reason that it was incorrect in that it did not include in its language the fifty feet beyond the crossing provided by the statute.

11. The above ruling also applies to the assignment of error in ground 15 of the motion for new trial.

12. For the reason given in division 4 of this opinion, it was not error for the court to sustain the demurrer of the plaintiff to that paragraph of the answer which sought to plead the safe and unsafe crossing act of 1925 as a defense.

The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*