30706. WOODMEN OF THE WORLD LIFE INSURANCE SOCIETY *v.* FREEMAN *et al.*

DECIDED MAY 23, 1945. REHEARING DENIED JUNE 13, 1945.

528

*Benjamin B. Garland, W. E. Watkins, E. D. Rivers,* for plaintiff in error.

*John R. L. Smith,* contra.

BROYLES, C. J. (After relating the foregoing facts.) As stated by counsel for both parties in their briefs, the controlling question here is whether section 95-1808 of the Code is applicable to this case.

Section 95-1803 of the Code reads: "The said railroad companies shall, on 60 days' notice from the county authorities aforesaid, erect at the approach to each crossing designated as an unsafe crossing a white sign with red letters thereon raised not less than 10 feet from the ground and not less than 30 inches by 40 inches in size, which shall be placed on the right-hand side of the approach to said crossing and approximately 100 feet from the rails of said railroad track . . which sign shall be lettered with the words, 'Georgia Law—Stop—Unsafe R. R. Crossing,' which let-

tering shall not be less than nine inches in height." Section 95-1804 provides: "Every person operating a motor vehicle, on approaching a crossing so designated as an unsafe crossing, shall bring his vehicle to a full stop at a distance of not more than 50 feet from the nearest rail of the track, before he shall cross thereover or attempt to do so." Section 95-9913 provides that any railroad company or any person violating any provision of the above-quoted Code sections, or failing to observe the requirements thereof, "shall be guilty of a misdemeanor and on conviction shall be punished by a fine of not less than $5 nor more than $50, which fine may be enforced by the court by an alternative sentence of imprisonment not exceeding 15 days in the event the fine is not paid. Prosecutions shall be by indictment or accusation only, and no warrant for the arrest of one charged with such violation shall be issued." While the language of the last sentence in that section is unusual, the contention of the plaintiffs that the section sets forth no crime is untenable. The statement of this court in *Powell* v. *Crowell*, 63 *Ga. App.* 890 (11 S. E. 2d, 918), that the consequences of a violation of the act of 1925, known as the safe and unsafe crossing act, "is a matter exclusively between the State and the person who violates the act," was unnecessary for a decision in that case, which was an action against a railroad company for damage to property, and therefore the statement was obiter dictum and will not be followed. However, the plaintiffs rely mainly on section 95-1808. That section reads: "A failure to observe the provisions of this chapter shall not be considered as an act of negligence per se *in any action against the railroad company for injury to person or property,* but the facts relating to any failure to observe the requirements thereof may be considered along with the other facts in the case in determining the question of negligence, if any: provided, that in the trial of any civil case *involving damages to person or property* at or near any such crossing it shall be unlawful for this law to be read to or commented on before any jury empanelled to try such civil case, nor shall the judge *upon the trial of such civil case* charge the provisions of this chapter, the true intent of this law being not to change the existing law in reference to civil cases *for the recovery of damages* on account of *personal injuries or property damage* at or near any railroad

crossing: provided, further, that the charging, reading, or discussion of this law within the hearing of a jury in the trial of a case *arising from injuries sustained or suffered* at or near a railroad crossing shall constitute reversible error." (Italics ours.) It is contended by the defendant that the above-quoted section applies only to actions against railroad companies for personal injuries or damage to property, and is not applicable to the instant case which is a suit upon a policy of insurance. The plaintiffs, however, insist that under the last provision of the section it applies to any civil case "arising from injuries sustained or suffered at or near a railroad crossing." We agree with the contention of the defendant. All of the cases cited by the plaintiffs to sustain their contention are actions *against railroad companies for personal injuries or damage to property;* and, in our opinion, the section in question, properly construed, in connection with the other provisions of the chapter, is applicable only to suits against railroad companies for personal injuries or damage to property, and we think that was the intent of the legislature when it passed the act. Furthermore, the present suit is brought against the insurance company to recover money alleged to be due the plaintiffs, and is not a civil action for damages based upon, or "arising from, injuries sustained or suffered" at or near a railroad crossing, within the meaning of section 95-1808.

In our opinion, the court erred in striking paragraph 8 from the amended answer; and that error rendered the further proceedings in the case nugatory.

*Judgment reversed.* *MacIntyre and Gardner, JJ., concur.*

ON MOTION FOR REHEARING.

BROYLES, C. J. The words "for damages" in the last sentence of our opinion, are eliminated, so that the sentence reads as follows: "Furthermore, the present suit is brought against an insurance company to recover money alleged to be due the plaintiffs, and is not a civil action based upon, or 'arising from, injuries sustained or suffered' at or near a railroad crossing, within the meaning of section 95-1808."

Paragraph 8 of the answer was demurred to on the ground "that it is not alleged in said paragraph nor anywhere in said answer how or in what respect said George H. Freeman violated section 95-1804 of the Code of Georgia of 1933, there being no fact or act alleged

in said paragraph or in said answer which might constitute a violation of said section." Thereupon, said paragraph was amended, as set forth in our original statement of the facts of the case, and the court held that the demurrer to the paragraph was "met by the amendment." The plaintiffs then renewed the demurrer to the paragraph as amended, and added to the demurrer the following ground: " (2) Also said plaintiffs specially demur to said paragraph, as amended, and move to strike out the same on the ground that section 95-1804 of the Code of Georgia can not be applied in this case, since section 95-1808 of said Code makes it reversible error to charge, read, or discuss said section 95-1804 in the hearing of a jury in the trial of this case." No other special demurrer was filed against paragraph 8 of the answer as amended, and the contentions made in the motion for a rehearing (that said amended paragraph failed to allege that the crossing was designated as "unsafe" by the county road authorities, or that the sign was not less than 10 feet from the ground, or that it was not less than 30 inches by 40 inches in size, or what were the words or letters of the sign, or that the letters were 9 inches high) show no cause for a rehearing, since such alleged defects in the paragraph should have been pointed out by special demurrer. This court did not overlook section 95-9913 of the Code. We quoted that section and held that the contention that it failed to set forth a crime was untenable. As we view the case, none of the other grounds of the motion for rehearing is meritorious.

*Rehearing denied. MacIntyre and Gardner, JJ., concur.*