## 34025. CENTRAL OF GEORGIA RAILWAY COMPANY v. TYSON.

DECIDED APRIL 19, 1952—REHEARING DENIED MAY 9, 1952.

124

*Whitman & Whitman, Erwin Sibley, A. R. Lawton,* for plaintiff in error.

*Smith, Field, Doremus & Ringel, Alex Smith Jr.,* contra.

FELTON, J. ■ The defendant contends that the petition, properly construed, shows that the injuries received by the plaintiff were proximately caused by his own negligence. To support such contention it argues: that the plaintiff did not allege whether the crossing was a safe or unsafe crossing, therefore it must be assumed that the crossing was properly marked with warning signs warning motorists of the crossing; that either the plaintiff saw the signs and disregarded them or he was without lights burning to see the warning signs "or with insufficient lights to see them, and that in utter disregard thereof he approached the crossing at the unlawful speed at said place 'of 35 to 40 miles per hour' and too fast for him before it was too late to identify that the locomotive headlight was not a motor vehicle with one light; and hence that the alleged 'grave emergency' (paragraph 14) prompting him to apply his brakes and his stopping 'squarely on the track,' as the last clear chance to avoid the collision—was self-created and was the sole proximate cause of the collision." This contention is clearly without merit. The requirements of Chapter 95-18 of the Code as to safe and unsafe crossings have no place in a civil action for damages such as this. Code, § 95-1808; *Powell* v. *Crowell,* 63 *Ga. App.* 890 (11 S. E. 2d, 918). We cannot say as a matter of law that

the petition showed on its face that the plaintiff was guilty of any negligence. Even if the petition did show negligence on the plaintiff's part, such was not shown to be the proximate cause of the collision, and since the petition alleged negligence per se on the defendant's part by a violation of Code § 94-506, it would present a question of comparative negligence, which would be a question for a jury. The petition alleged a cause of action as against a general demurrer. See *Central of Georgia Ry. Co. v. Larsen,* 19 *Ga. App.* 413 (91 S. E. 517); *Southern Railway Co. v. Slaton,* 41 *Ga. App.* 759, 760 (3) (154 S. E. 718).

■ The defendant contends that its special demurrer to the allegation that the plaintiff was damaged in the sum of $5000 for the loss of services of his wife should have been sustained because such allegation was indefinite, uncertain, and a conclusion of the pleader without sufficient facts alleged to support it. The contention is without merit. The plaintiff was not required to itemize or detail the services the loss of which he sued for. *Metropolitan St. Ry. Co. v. Johnson,* 91 *Ga.* 466, 471 (18 S. E. 816).

The court did not err in overruling the demurrers.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*