50705. S. S. KRESGE COMPANY v. KICKLIGHTER.

DEEN, Presiding Judge.

1. Under Code Ann. § 13-9933, in a bad check prosecution intent to defraud is prima facie established by proof that at the time the check was uttered or delivered there were insufficient funds in the depository to cover it. However, the conclusive presumption that one who arrests and prosecutes the drawer of such check is acting with probable cause, where a civil action for malicious prosecution is thereafter instituted, appears only where the payee gives the maker a prior ten-day notice that the check has been refused, and such notice must be by mail and "must be evidenced by a registered or certified mail return receipt bearing the signature of such maker." In the present case, where there was testimony that a letter had been sent by certified mail and was returned to sender unclaimed after two notices had been left at the appellee's address by the U. S. Postal Service, and where the addressee, plaintiff in this malicious prosecution action, swore positively that she received no such notice, it became a question for the jury as to whether she had in fact received a notice of certified mail, but a conclusion is demanded that she did not receive the letter so mailed, since the letter itself was returned to the sender.

2. "While the code provides that in an action to recover damages on account of an alleged malicious prosecution, 'want of probable cause shall be a question for the jury, under the direction of the court' [Code § 105-802], yet where the material facts are not in dispute, the existence or non-existence of probable cause for the prosecution is a question of law for determination by the court." *Woodruff v. Doss,* 20 Ga. App. 639 (1) (93 SE 316). See *American Plan Corp. v. Beckham,* 125 Ga. App. 416 (4) (188 SE2d 151).

The appellant's evidence presented the following state of facts, as drawn from its records: Alexis Kicklighter gave a check for $29.13 as the last instalment

on a lay-away purchase on October 15, 1973, which was returned marked insufficient funds. A "bad check notice" was mailed out on October 30 by regular mail. Three telephone calls were made during daytime business hours between November 24 and December 17 and at no time was the telephone answered. A certified letter was sent on November 5 and returned undelivered. No other attempts to contact the debtor were made. She was arrested at home on the evening of January 3, 1974.

Mrs. Kicklighter's evidence included the following: No one was at home during the daytime, because she was working and did not arrive there until after 6:00 p.m., after the Kresge credit office staff left. She has a responsible job, in which a part of her duties is to take care of all money and payroll. She received the first notice on returning home and called the Kresge credit office. The person whose name was on the notice had left for the day. The person answering the telephone told her that she must make good the check within ten days. She intended doing so; however, she left immediately thereafter for three days in Atlanta to take her daughter to a clinic. She was in the process of divorcing her husband; the check was written on a joint account which she had erroneously assumed had enough money to cover. On her return home with a sick daughter, a friend in intensive care following a fire, a divorce case and efforts to sell the home, the Kresge matter completely slipped her memory. She received no further communication following her own telephone call until the actual arrest on a warrant sworn out by store employees. She received no notice of certified mail; had she done so, she would have called for the letter. Further, such a notice would not have put her on notice that it was from the appellant, as sender identification is not included. No one ever telephoned her at work or when she was at home in the evening. She was arrested, tried, and acquitted of the bad check charge.

It is obvious from the above that certain basic facts are in dispute. In particular there is a question of whether the retailer made a true bona fide effort to collect or whether its store policy in general and in this case in particular was to use the Savannah police force as a bill collecting agency. Under all the facts, the question of

probable cause for the arrest and prosecution was a jury matter.

In *West v. Baumgartner,* 228 Ga. 671, 676 (187 SE2d 665), the following is quoted from *Barber v. Addis,* 113 Ga. App. 806 (1) (149 SE2d 833): "The burden of proving the want of probable cause is on the plaintiff (*Auld v. Colonial Stores,* 76 Ga. App. 329, 335 (45 SE2d 827)), and he does not in any reasonable sense carry this burden unless he shows by his evidence that, under the facts as they appeared to the prosecutor at the time of the prosecution, the prosecutor could have had no reasonable grounds for believing plaintiff to be guilty of the charge for which he was prosecuted." All that was known to the prosecutor at the time the warrant was sworn out was that it had sent two letters to the debtor, one of which had been returned and one of which had not, and that there appeared to be no one at home during business hours. Various store employees admitted on cross examination that they were aware that many of the checks returned to them for insufficient funds were the result of innocent mistakes. They were also aware that, except for the "first notice" sent in the regular course of mail they had no record of any communication with the debtor. Motivation being particularly at issue, the trial court properly denied the motion for judgment notwithstanding the verdict.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

ARGUED MAY 21, 1975 — DECIDED JUNE 13, 1975.

*Brannen, Wessels & Searcy, Perry Brannen,* for appellant.

*Falligant, Karsman, Kent & Toporek, Martin Kent,* for appellee.