## 55923. GIBSON'S PRODUCTS, INC. v. EDWARDS.

WEBB, Judge.

Willie Mae Edwards sued Gibson's Products, Inc., d/b/a Gibson's Discount Center, for false imprisonment and malicious prosecution. Upon the trial the evidence presented by Mrs. Edwards and that of Gibson's agents was in total conflict as to almost every detail.

Mrs. Edwards, a medications nurse at a local hospital, testified that on December 21, 1976, she entered Gibson's Discount Center with her two young children to do some Christmas shopping. She selected several items, including a small zippered case, a coffee mug, a small chain necklace and one or two bottles of liquid cleaner. Gibson's is a self-service store in which customers pay for their purchases at check-out counters located at the front. Mrs. Edwards' children had been carrying some of her intended purchases as she shopped, but as they approached the front of the store the children handed their items to Mrs. Edwards who dropped the necklace she had selected into the coffee mug. When she reached the check-out counter she placed all the items selected on top of the counter and the cashier rang them up on the cash register. She paid for the purchases with a $20 bill, from which she received change. While she was in the process of paying, her children were playing near a bubblegum machine located close to the front of the store and her attention was distracted by them. The cashier picked up the coffee mug, placed it in a small bag, and then put it along with the rest of Mrs. Edwards' purchases in a larger bag. Mrs. Edwards and her children then left the store.

After she left the store, Harold Fitzpatrick, a security guard of Gibson's, approached Mrs. Edwards and asked her if she had a necklace. She responded that she did, and when asked if she had paid for it, answered that she had. Fitzpatrick requested Mrs. Edwards to follow him back into the store, which she did. In the security office

Fitzpatrick opened the sack containing Mrs. Edwards' purchases and removed the necklace. The police came and took Mrs. Edwards to the Athens City stockade where she was fingerprinted and photographed. Introduced in evidence was a shaving kit and a coffee mug bearing a price tag of 49 cents which Mrs. Edwards swore were the ones she purchased at the time she was arrested. Her testimony was corroborated by her husband and by a witness who saw the items purchased by Mrs. Edwards after her arrest.

Harold Fitzpatrick testified that his suspicions were alerted when he saw Mrs. Edwards "conceal" a necklace by putting it in her hand and closing her hand. He followed her through the store and when she came to the check-out counter she had only a necklace and a coffee mug. Fitzpatrick stated that Mrs. Edwards held her hand over the top of the coffee mug, concealing the necklace inside, and held the mug so that the sales clerk could read the price from the tag, and that the price tag was 65 cents. Mrs. Edwards paid for the mug with one bill and received only coins in change. She then placed the mug in a bag located on top of the counter and left the store. Fitzpatrick ascertained from the cashier that Mrs. Edwards had not paid for any jewelry, stopped her and took her to the security office where he removed the necklace and cash register receipt from her bag. He swore that the cash register receipt showed a total of 67 cents.

The testimony of Gene Lucas, a county policeman working as a security guard at Gibson's, essentially corresponded with that of Fitzpatrick. Both Fitzpatrick and Lucas testified that Mrs. Edwards' children were standing right beside her in the check-out lane. The cashier who waited on her, however, stated that there were no children with her in the check-out lane, but "They could have been at the gum machine or something for all I know."

After Mrs. Edwards was released from jail a warrant was issued for her arrest and she gave bond, but the warrant was dismissed at the committal hearing. Thereafter this suit was filed, resulting in a jury verdict in Mrs. Edwards' favor.

1. The public policy of this state is that there should

be no recovery in an action for false arrest or false imprisonment arising out of the detention or arrest of one who the owner or his agents might, by reason of her conduct or behavior, have had reasonable cause to believe was shoplifting (Code Ann. § 105-1005), and this same standard is also applied in actions for malicious prosecution. *Turner v. Bogle,* 115 Ga. App. 710, 713 (155 SE2d 667) (1967); *S. S. Kresge Co. v. Carty,* 120 Ga. App. 170, 175 (1) (169 SE2d 735) (1969). However, in such actions where the facts are in issue, the determination of whether defendant through its agents acted with reasonable prudence is for the jury, and will not be controlled by this court. *Dixon v. S. S. Kresge, Inc.,* 119 Ga. App. 776 (1) (169 SE2d 190) (1969). The evidence here, almost diametrically in dispute, was properly submitted to the jury, and the plaintiff's testimony, if believed by the jury, authorized the verdict in her favor. Accordingly, the trial court did not err in overruling the defendant's motion for judgment notwithstanding the verdict or its motion for new trial on the general grounds.

2. The trial court properly refused to give Gibson's requested charge dealing with exemplary and punitive damages. Such a charge was not adjusted to the pleadings or the evidence, since Mrs. Edwards did not seek punitive damages under Code § 105-2002. In Count 1 of her complaint, alleging false imprisonment, she sought damages for wounded feelings under Code § 105-2003. In Count 2 for malicious prosecution she sought only general damages as measured by Code § 105-808. Indeed, damages awarded under both §§ 105-2002 and 105-2003 would have been a prohibited double recovery (*Westview Cemetery v. Blanchard,* 234 Ga. 540 (216 SE2d 776) (1975)), and the instructions requested by Gibson could only have confused the jury. Compare *Cleary v. Southern Motors,* 142 Ga. App. 163, 164 (1) (235 SE2d 623) (1977).

3. The charge complained of incorporates the interpretation of Code § 105-2003 enunciated by the Supreme Court in *Westview Cemetery v. Blanchard,* 234 Ga. 540, supra, at p. 546, and we are not prepared to hold, as insisted by Gibson, that it was inappropriate or confusing to the jury. We find no grounds for reversal for any reason assigned.

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JUNE 7, 1978 — DECIDED JUNE 27, 1978 — REHEARING DENIED JULY 13, 1978.

*Erwin, Epting, Gibson & McLeod, Eugene A. Epting,* for appellant.
*Hudson & Montgomery, David R. Montgomery,* for appellee.