## 56454. WILLIAMSON v. ALDERMAN.

BANKE, Judge.

The appellant, Carl Joe Williamson, filed suit for malicious prosecution against the appellee, Revell McWhorter Alderman. The appellant now appeals the trial judge's entry of summary judgment for the appellee.

1. In order to recover in a suit for malicious prosecution, the plaintiff must show the presence of malice and prove that, under the facts as they appeared to him after reasonable inquiry, the defendant lacked probable cause for bringing criminal charges against the plaintiff. Code § 105-801; *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205 (163 SE2d 256) (1968).

The undisputed facts in this case were that the appellant was obligated to pay child support under his divorce decree from appellee, that he failed to make the May 1976 payment, and that because of this non-payment, the appellee filed misdemeanor charges against him for failure to support his children. It was also undisputed that the appellant had frequently failed to make such payments in the past.

Code § 74-9902 provides that any parent who wilfully and voluntarily abandons his child, leaving it in

a dependent condition, shall be guilty of a misdemeanor. Code § 74-105 imposes a duty on the father to provide maintenance, protection, and education of his child. The appellee testified that her children were dependent on their father's support payments to provide the necessities of life.

" 'While the code provides that in an action to recover damages on account of an alleged malicious prosecution, "want of probable cause shall be a question for the jury, under the direction of the court" (Code § 105-802), yet where the material facts are not in dispute, the existence or non-existence of probable cause for the prosecution is a question of law for determination by the court.' *Woodruff v. Doss,* 20 Ga. App. 639 (1) (93 SE 316). See *American Plan Corp. v. Beckham,* 125 Ga. App. 416 (4) (188 SE2d 151)." *S. S. Kresge Co. v. Kicklighter,* 135 Ga. App. 114 (2) (217 SE2d 418) (1975). Under the undisputed facts in this case, it cannot be said that the trial judge erred in granting summary judgment to the appellee. See *Fisher v. J. C. Penney Co.,* 135 Ga. App. 913 (1) (219 SE2d 626) (1975). In addition, the court notes that the appellant also failed to prove the necessary element of malice. The fact that the appellee in this case may have had another remedy (contempt) available to her does not conclusively establish malice since probable cause for institution of the misdemeanor proceedings existed.

2. In his second enumeration of error, the appellant contends that the trial judge erred in concluding as a matter of law that if the appellant was behind in his child support payment, the appellee was not guilty of malicious prosecution. While there is no such express statement in the judge's order, the contention raised in this enumeration is answered by the law as stated in Division 1.

3. In his third and fourth enumerations of error, the appellant complains that the trial judge erred in refusing to permit him to introduce certain facts into evidence and to submit certain legal authority to him for consideration. There is neither a transcript of the hearing nor a stipulation of the proceedings included in the record on appeal. Accordingly, the court is unable to review these enumerations of error. See Code Ann. § 6-805; *Nicholson*

*v. Nicholson,* 231 Ga. 760 (204 SE2d 292) (1974); *Dunaway v. Beam,* 129 Ga. App. 220 (199 SE2d 395) (1973).

*Judgment affirmed. Deen, P. J., and Smith, J., concur..*

ARGUED SEPTEMBER 12, 1978 — DECIDED DECEMBER 1, 1978.

*Jesse Cleveland,* for appellant.

*Montis & Thornton, George P. Montis, John A. Leopard,* for appellee.