## 58108. BROWN et al. v. SCOTT.

Banke, Judge.

This is an appeal from a judgment in favor of the plaintiff in a suit for damages for slander and malicious prosecution.

The defendant is the plaintiff's father-in-law. While he and his wife were visiting the plaintiff's family, the plaintiff administered whippings to two of his (the plaintiff's) children (ages 5 and 3), using a belt. The evidence was in sharp conflict as to the severity of the beatings. However, it is not controverted that the defendant threatened to report the plaintiff for child abuse, and that in response the plaintiff stated that a

person "could get killed over something like that . . ." Two days later, the defendant reported the beatings to the Department of Family and Children Services. After learning of this, the plaintiff threatened over the telephone to "get" the defendant, and the plaintiff's wife warned her mother (the defendant's wife) that the plaintiff was on the way over to their house with a gun and that he might kill the defendant. That night, the defendant swore out two warrants against the plaintiff, one for child abuse and one for terroristic threats. Both charges were bound over to the grand jury following a preliminary hearing. The plaintiff was subsequently indicted, prosecuted, and acquitted, whereupon he initiated this action. After hearing all of the evidence, the jury returned a verdict in favor of the plaintiff for $750 on the defamation count and for $1,000 on the malicious prosecution count. The defendant appeals. *Held:*

1. In two of his enumerations of error, the defendant contends that the verdict was contrary to the weight of the evidence. The appellate courts in Georgia rule only on the sufficiency, not the weight, of the evidence. See *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131) (1976).

2. The trial court erred in denying the defendant's motion for directed verdict on the issue of slander. "To accuse another of a crime punishable by law is slander, and damages are inferred from the act. Code Ann. § 105-702. However, statements made in good faith pursuant to investigation by police of a crime are made in the performance of a public duty and are privileged. Code Ann. § 105-709 (1); *Hardaway v. Sherman Enterprises, Inc.,* 133 Ga. App. 181 (210 SE2d 363). Privileged communications bar recovery. Code Ann. § 105-706." *Zakas v. Mills,* 148 Ga. App. 220 (1) (251 SE2d 135) (1978). See also *Corbin v. First Nat. Bank of Atlanta,* 151 Ga. App. 33 (2). .

It appears from the transcript that every statement which the defendant made concerning the beating of his grandchildren was directly connected to the charges which he made to law enforcement personnel. Although one person with whom the defendant discussed the case, a Mrs. Sexton, was evidently a neighbor, she had been his witness at a previous court proceeding, and the defendant

testified that he did not discuss the case with her "until we got to court." The only other persons with whom the defendant discussed the matter were an official of the Department of Family and Children Services, the district attorney, and another son-in-law, who is an attorney admitted to practice in this state. Under these circumstances, the defendant's communications were clearly privileged. Compare *Melton v. Bow,* 241 Ga. 629 (247 SE2d 100) (1978), affirming 145 Ga. App. 272 (243 SE2d 590) (1978). Thus, the burden was shifted to the plaintiff to prove actual malice. See *WSAV-TV, Inc. v. Baxter,* 119 Ga. App. 185 (2) (166 SE2d 416) (1969).

. Whether or not malice has been shown depends upon all of the circumstances of the case, "including the persons to whom [the statements] were made . . . and the manner in which they were published. . ." *Melton v. Bow,* 145 Ga. App. supra, 273. After reviewing all of the evidence introduced in this case, which conflicted only on the issue of the severity of the beatings administered to the children, we find nothing to indicate that the defendant's actions were undertaken maliciously or in reckless disregard of the truth. Instead, it appears uncontroverted that the defendant acted in a good-faith attempt to protect grandchildren and himself from a real or imagined threat of injury. Therefore, we find insufficient evidence to support the verdict in favor of the plaintiff on the slander count of the complaint.

3. The absence of any evidence of malice similarly requires reversal of the judgment in favor of the plaintiff on the malicious prosecution count. Even assuming that a jury question was presented on the issue of probable cause, the plaintiff was also required to present evidence of malice in order to establish a prima facie case of malicious prosecution. See *Davis v. Stephens,* 45 Ga. App. 227 (5) (164 SE 111) (1932); *Morgan v. Mize,* 118 Ga. App. 534 (3) (164 SE2d 565) (1968). See also Code §§ 105-801, 105-802. "While want of probable cause is sometimes a circumstance from which malice may be inferred, yet this is so only in cases where there is a *total* want of such cause. Civil Code (1910), § 4444. [Current Code § 105-804.] And where there is no evidence of malice other than such inference as may be drawn from proof of the want of

probable cause, and that proof shows some circumstances pointing to the guilt of the accused, although insufficient to exclude every other reasonable hypothesis, the essential ingredient of malice is not so established as to entitle the plaintiff in an action for malicious prosecution to recover . . .

"Where, as in this case, there is no evidence whatever of any fraudulent conduct or improper motive on the part of the prosecutor, or of any other person dealing with the criminal prosecution, and it appears from the un-contradicted evidence that the accused was bound over by the magistrates who presided at the preliminary hearing on the warrant, that he was subsequently indicted by the grand jury investigating it, and that there were some slight circumstances pointing to his guilt, though not enough to exclude every other reasonable hypothesis, a finding that the prosecution was malicious is without any evidence to support it. [Cit.] In such a case the direction of a verdict for the defendant would be in order. [Cit.]" *Darnell v. Shirley,* 31 Ga. App. 764 (3, 9) (122 SE 252) (1924).

*Judgment reversed. McMurray, P. J., and Underwood, J., concur.*

Submitted July 11, 1979 — Decided September 4, 1979. — Rehearing denied September 18, 1979 — 

*Hulon Murray,* for appellants.
*W. Allan Myers,* for appellee.