## 60682. McMILLAN v. DAY REALTY ASSOCIATES, INC.

QUILLIAN, Presiding Judge.
The plaintiff appeals from a judgment predicated on the direction of a verdict for the defendant corporation. The sole issue presented is whether the evidence demanded a verdict for the

defendant.

The plaintiff sued the defendant for malicious prosecution in that the defendant had the plaintiff arrested and subsequently indicted for theft by taking of "One (1) Lawn Mower, One (1) Weed Cutter and One (1) Swing Blade." This case was eventually nolle processed.

The plaintiff, who was employed for yard work at an apartment complex owned by defendant, was discharged by an agent for the defendant. Shortly, thereafter the following items were found to be missing; a lawn mower, a weed cutter and a swing blade. The weed cutter and swing blade were observed (by the defendant's security officer) at the house where the plaintiff resided with his parents. Later that evening, the security officer, who was also a DeKalb police officer, and another officer appeared at plaintiff's home to execute a criminal warrant for plaintiff's arrest. The plaintiff was not in, but he voluntarily turned himself in at the police station where he was subsequently "booked" and released on bond.

The following morning, the plaintiff accompanied by several others, including his parents, went to the apartment complex so that the plaintiff could explain where he left the lawn mower. The assistant resident manager of the apartment complex was then shown that the lawn mower had been left, overturned, within a fence surrounding the apartment complex but some distance from the shed where it was stored. The plaintiff explained that prior to being fired he got tired and left the mower at the spot where it was found. He stated he then vacated the premises forgetting that he had neglected to put the lawn mower up. His explanation of the other 2 tools being present at his home was that he brought them home for the purpose of repairing them. In this, his testimony was corroborated by his parents. *Held:*

Crucial to maintenance of the plaintiff's case is that he was prosecuted "without any probable cause," and "maliciously." Code Ann. § 105-801. Code Ann. § 105-802 provides: "Want of probable cause shall be a question for the jury, under the direction of the court, and shall exist when the circumstances are such as to satisfy a reasonable man that the accuser had no ground for proceeding but his desire to injure the accused."

"The question of probable cause is a mixed question of law and fact." *Hearn v. Batchelor,* 47 Ga. App. 213, 214 (3) (170 SE 203). "But where the material facts are not in dispute, or only one reasonable inference can be drawn from the evidence, the court shall determine whether or not probable cause exists." *Johns v. Gibson,* 60 Ga. App. 585, 588 (4 SE2d 480). Moreover, " 'The burden of proving the want of probable cause is on the plaintiff' (*Auld v. Colonial Stores,* 76 Ga.

App. 329, 335 (45 SE2d 827)), and he does not in any reasonable sense carry this burden unless he shows by his evidence that, under the facts as they appeared to the prosecutor at the time of the prosecution, the prosecutor could have had no reasonable grounds for believing the plaintiff to be guilty of the charge for which he was prosecuted." *Barber v. Addis,* 113 Ga. App. 806 (1) (149 SE2d 833).

In *West v. Baumgartner,* 228 Ga. 671, 677 (187 SE2d 665) the Supreme Court pointed out: ". . . of great significance is the rule that 'In actions for malicious prosecution, the question is not whether the plaintiff was guilty, but whether the defendant had *reasonable cause to so believe* — whether the circumstances were such as to create in the mind a *reasonable belief* that there was probable cause for the prosecution. (Cit.)' "

"[T]he plaintiff was also required to present evidence of malice in order to establish a prima facie case of malicious prosecution. See *Davis v. Stephens,* 45 Ga. App. 227 (5) (164 SE 111) (1932); *Morgan v. Mize,* 118 Ga. App. 534 (3) (164 SE2d 565) (1968). See also Code §§ 105-801, 105-802. 'While want of probable cause is sometimes a circumstance from which malice may be inferred, yet this is so only in cases where there is a *total* want of such cause. Civil Code (1910), § 4444, (current Code § 105-804.) And where there is no evidence of malice other than such inference as may be drawn from proof of the want of probable cause, and that proof shows some circumstances pointing to the guilt of the accused, although insufficient to exclude every other reasonable hypothesis, the essential ingredient of malice is not so established as to entitle the plaintiff in an action for malicious prosecution to recover . . .' " *Brown v. Scott,* 151 Ga. App. 366, 368 (259 SE2d 642).

Also of prime importance in ascertaining if one acted without probable cause is the rule enumerated in *Sanfrantello v. Sears, Roebuck & Co.,* 118 Ga. App. 205, 207 (163 SE2d 256): "Probable cause is that apparent state of facts existing after reasonable and proper inquiry; the prosecutor is under a duty of caution and avoidance of haste." Accord, *Gibson's Products, Inc. v. Edwards,* 146 Ga. App. 678, 680 (1) (247 SE2d 183) and *Bi-Lo, Inc. v. Stanciel,* 148 Ga. App. 614, 615 (1) (251 SE2d 834).

Applying these tests to the present circumstances, we assume arguendo that the defendant had probable cause and lacked malice in prosecuting the plaintiff for theft of the swing blade and weed cutter since the defendant was under no obligation to believe the plaintiff's explanation regarding his possession of the items at his home. See *Ross v. Rich's, Inc.,* 129 Ga. App. 716 (2) (201 SE2d 159).

However, there is a different situation regarding the lawn mower. Here the facts showed the lawn mower had been left on the

defendant's property although not where it should have normally been kept. Coupled with these circumstances, the defendant, through its agent, had been apprised of plaintiff's explanation as to why the lawn mower had not been returned to the storehouse. Hence, there is a serious question as to whether a reasonably prudent person would believe there was any basis to find the plaintiff guilty of theft by taking of the lawn mower. Hence, the issues as to whether the defendant acted without probable cause and with malice in prosecuting the plaintiff for theft of the lawn mower can not be determined as a matter of law and should have been resolved by a jury.

It was error to direct a verdict for the defendant.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 17, 1980 — DECIDED NOVEMBER 3, 1980 — REHEARING DENIED DECEMBER 3, 1980 — 

*Louis F. McDonald,* for appellant.
*William S. Goodman,* for appellee.