## 60682. McMILLAN v. DAY REALTY ASSOCIATES, INC.

QUILLIAN, Chief Judge.

For a full statement of the facts see *McMillan v. Day Realty Assoc.,* 156 Ga. App. 660 (275 SE2d 352), where we held that since there was no probable cause to believe the lawn mower had been purloined by the plaintiff, it was error to direct a verdict for the defendant.

On certiorari the Supreme Court answered in the negative the following question: "Is a jury question presented in an action for malicious prosecution where the defendant obtains an arrest warrant for theft by taking of several items and the evidence, as a matter of law, supports a finding of probable cause for some items, but not for all of them?" The rationale for the decision was predicated on public policy of not favoring suits for malicious prosecution. Our decision was therefore reversed and remanded for determination of whether there was a lack of probable cause to prosecute for theft of any of the

other items.

On remand the appellant has argued public policy should forbid prosecution based on mere possession of missing items. While sympathizing with that position, precedent dictates that we leave such determination to our highest court. This case is controlled by the principles enunciated in *West v. Baumgartner,* 228 Ga. 671, 676, 677 (187 SE2d 665): " ' "The burden of proving the want of probable cause is on the plaintiff" (*Auld v. Colonial Stores,* 76 Ga. App. 329, 335 (45 SE2d 827)), and he does not in any reasonable sense carry this burden unless he shows by his evidence that, under the facts as they appeared to the prosecutor at the time of the prosecution, the prosecutor could have had no reasonable grounds for believing the plaintiff to be guilty of the charge for which he was prosecuted. [Cit.]' . . . 'In actions for malicious prosecution, the question is not whether the plaintiff was guilty, but whether the defendant had reasonable cause to so believe — whether the circumstances were such as to create in the mind a reasonable belief that there was probable cause for the prosecution. [Cit.]' " The court there held that a judgment was demanded for defendant where the plaintiff failed to show that, at the time of prosecution, the defendant had no reasonable grounds for believing the plaintiff was guilty. Likewise, in the case sub judice the circumstances were such that it could not be said that there was no reasonable cause to believe that the plaintiff was guilty of a crime.

Moreover, another major factor which must be shown is malice. The applicable precepts are contained in *Brown v. Scott,* 151 Ga. App. 366, 368 (259 SE2d 642) from which we quoted extensively in our original opinion. The *Brown* case relied upon *Darnell v. Shirley,* 31 Ga. App. 764 (122 SE 252) wherein this Court made the determination that the direction of a verdict for the defendant (prosecutor) would be in order where there was no evidence of defendant's fraudulent conduct or improper motive, the plaintiff (accused) was bound over by magistrates, subsequently indicted, and there were "some slight circumstances pointing to his guilt, though not enough to exclude every other reasonable hypothesis . . ."

We are, therefore, constrained by the cited authority to find that the trial judge did not err in directing a verdict for the defendant.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JUNE 29, 1981 —
REHEARING DENIED JULY 22, 1981 ▮▮▮▮▮▮▮▮▮

*Louis F. McDonald,* for appellant.
*William S. Goodman,* for appellee.

ON MOTION FOR REHEARING.

1. Contrary to movant's assertions the issue of whether the question of probable cause should be determined by the court or by the jury was discussed in our original opinion. See *McMillan v. Day Realty Assoc.,* 156 Ga. App. 660, 661 (275 SE2d 352). Nevertheless, we reiterate the well established principle: "The question of probable cause is a mixed question of law and fact. Whether the circumstances alleged to show probable cause existed is a matter of fact, to be determined by the jury, but whether they amount to probable cause is a question of law for the court." *Hearn v. Batchelor,* 47 Ga. App. 213, 214 (3) (170 SE 203) and cases therein cited. Accord, *South Ga. Grocery Co. v. Banks,* 52 Ga. App. 1, 7 (182 SE 61); *Tanner-Brice Co. v. Barrs,* 55 Ga. App. 453, 454 (4) (190 SE 676); *American Plan Corp. v. Beckham,* 125 Ga. App. 416 (4) (188 SE2d 151); *S. S. Kresge Co. v. Kicklighter,* 135 Ga. App. 114 (2) (217 SE2d 418); *Williamson v. Alderman,* 148 Ga. App. 297 (1) (251 SE2d 153); *Hicks v. Brantley,* 102 Ga. 264, 272 (29 SE 459). Moreover, "where it is clear from the evidence that the prosecutor did have probable cause for the prosecution of the plaintiff, a verdict for the defendant is demanded." *Morgan v. Mize,* 118 Ga. App. 534 (2b) (164 SE2d 565).

2. Statutory authority for our decisions, such as *Brown v. Scott,* 151 Ga. App. 366, 368 (259 SE2d 642), is found in Code § 105-804 which provides: "A total want of probable cause is a circumstance from which malice may be inferred . . ." Thus, we find no basis, as suggested by movant, to repudiate the holding of *Brown v. Scott,* 151 Ga. App. 366, 368, supra, that malice can be inferred only where there is a *total want* of probable cause. "And where there is no evidence of malice other than such inference as may be drawn from proof of the want of probable cause, and that proof shows some circumstances pointing to the guilt of the accused, although insufficient to exclude every other reasonable hypothesis, the essential ingredient of malice is not so established as to entitle the plaintiff in an action for malicious prosecution to recover . . ."

*Judgment adhered to.*