## 62703. CITIZENS & SOUTHERN BANK OF HOUSTON v. McDOWELL.

DEEN, Presiding Judge.

This is an action for malicious prosecution following the quashing of an indictment against the appellee charging him with presenting a false affidavit at a real estate closing. The appellant bank, which held an outstanding recorded lien on property of

appellee for money loaned for the purpose of making repairs on the premises, called to the attention of the Houston County District Attorney's Office that such lien in fact existed. Both a bank officer and an attorney/notary public submitted affidavits to the effect that appellee had, at the closing of a sale of the property pledged, signed an affidavit stating that there were no liens and no outstanding indebtedness for equipment, appliance, or other fixtures attached to the property. Based on this information and subsequent investigation, according to the affidavit of an assistant district attorney, the information was turned over to the district attorney who decided that a presentment be made before the grand jury. The two affiants were called as witnesses, and a true bill was returned against the appellee for false swearing. Subsequently, however, the appellee's contention prevailed that he did not swear wilfully and knowingly falsely because he had in fact thought the affidavit which he signed referred to the time following the closing, and he had been informed that at the closing the lien would be paid off from the proceeds of the sale. The indictment was then dismissed.

Thereafter, appellee brought this action for malicious prosecution against the bank. The trial court denied the latter's motion for summary judgment, and we granted the application for a discretionary interlocutory appeal.

The existence of malice is a condition precedent to an action for malicious prosecution. "Where, as in this case, there is no evidence whatever of any fraudulent conduct or improper motive on the part of the prosecutor, or of any other person dealing with the criminal prosecution, and it appears from the uncontradicted evidence that the accused was . . . indicted by the grand jury investigating it, and that there were some slight circumstances pointing to his guilt, though not enough to exclude every other reasonable hypothesis, a finding that the prosecution was malicious is without any evidence to support it." *Darnell v. Shirley,* 31 Ga. App. 764 (9) (122 SE 252) (1924); *Brown v. Scott,* 151 Ga. App. 366, 369 (259 SE2d 642) (1979). Where neither the defendant nor any of its agents encouraged or commanded any law enforcement officer to arrest or prosecute the plaintiff, and the record is devoid of any suggestion of malice or bad faith, the furnishing of the defendant's name under such circumstances is privileged under Code § 105-709 (1). *Boyett v. Central of Ga. R. Co.,* 158 Ga. App. 622 (281 SE2d 356) (1981).

The trial court erred in denying the appellant's motion for summary judgment.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED OCTOBER 15, 1981.

*Pamela M. Richards,* for appellant.
*Herbert L. Wells,* for appellee.