## 66294. ARNOLD v. PREMIUM DISTRIBUTING COMPANY, INC.

DEEN, Presiding Judge.

Vivian Arnold brought an action against Premium Distributing Co. for false imprisonment and malicious prosecution, contending that an employee of appellee misidentified her as the driver of an automobile which caused an accident. As a result, she was charged with a traffic violation by the State Patrol. This charge was subsequently dismissed after it was determined that she was not the driver of the automobile. Arnold appeals from the grant of summary judgment in favor of the appellee.

The evidence showed that at about 4:00 p.m. on a rainy afternoon in April of 1981, a maroon automobile was proceeding south on the highway between Elberton and Athens. It was followed by appellee's truck, which in turn, was followed by a tractor-trailer truck hauling Schlitz beer. The maroon automobile slowed down but did not give any signal to indicate an intention of making a right turn off the highway. The driver of appellee's truck slammed on his brakes to avoid a collision and skidded sideways across the road. The driver of the beer truck locked his brakes and jackknifed off the road. There was no contact made by the vehicles. The woman driver of the maroon automobile stopped, talked to appellee's driver, and left the scene, stating that she would be at the third house on the left of the road and that she would call an ambulance. Shortly thereafter an ambulance and the State Patrol arrived. Appellee's driver provided the investigating officer with the information requested and was told he could leave.

Approximately three and one-half hours later, the officer contacted the driver at his home and asked him to return to the accident scene. He complied with the request and was asked if he could identify a woman seated in the rear seat of the patrol car as the driver of the maroon automobile. It was dark and raining, and the interior of the patrol car was illuminated only by its interior dome light. The driver peered in the window and unhesitatingly identified Arnold as the driver of the maroon vehicle. There is no evidence that the truck driver took any other action to initiate prosecution of

Arnold. On the basis of this identification, the police officer issued her a ticket.

In her affidavit, the officer states that she was the arresting officer and that the arrest was based on information furnished by the witness, but that neither appellee nor anyone on appellee's behalf encouraged or demanded the arrest of Arnold. Appellee's business was closed when its driver reached Athens on the afternoon of the accident, and the company was not informed of the incident until the following day. Arnold's deposition showed that while she lived at the third house on the left, she was at home watching television when the accident occurred, and that she drove a yellow Oldsmobile. *Held:*

"Where neither the defendant nor any of its agents encouraged or commanded any law enforcement officer to arrest or prosecute the plaintiff, and the record is devoid of any suggestion of malice or bad faith, the furnishing of the defendant's name under such circumstances is privileged under Code § 105-709 (1) [presently OCGA § 51-5-7 (1)]. [Cit.]" *C. & S. Bank v. McDowell,* 160 Ga. App. 69, 70 (286 SE2d 58) (1981). See also *Corbin v. First Nat. Bank,* 151 Ga. App. 33 (2) (258 SE2d 697) (1979). In the instant case, there is no evidence that the witness' identification was made in bad faith or with malice, although it was apparently erroneous. There is also no evidence that either the witness or his employer commanded the officer to arrest or prosecute Arnold. Indeed, the appellee was unaware of the accident until the following day.

As to the false imprisonment claim, if an arrest or imprisonment is made pursuant to valid process, the plaintiff's sole remedy is malicious arrest or malicious prosecution. *Ginn v. C. & S. Nat. Bank,* 145 Ga. App. 175 (2) (243 SE2d 528) (1978); *Lovell v.. Drake,* 60 Ga. App. 325 (3 SE2d 783) (1939). See also *Dixie Beer Co. v. Boyett,* 158 Ga. App. 622 (281 SE2d 356) (1981).

Accordingly, we find that the trial court did not err in granting summary judgment in favor of appellee.

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED MAY 20, 1983 —
REHEARING DENIED JUNE 9, 1983.

*James W. Smith,* for appellant.
*Edward D. Tolley,* for appellee.