A94A0018. WILSON v. THURMAN et al.
(445 SE2d 811)

McMURRAY, Presiding Judge.

Lee Wilson (plaintiff) asserted claims against Jim Thurman, John Lodge, Hobart Hind and the City of Albany (defendants) for malicious prosecution and invasion of privacy, alleging defendants wrongfully prosecuted him for sodomy in 1986. Specifically, plaintiff alleged that defendants Thurman and Lodge, while acting in their capacities as law enforcement officers for the City of Albany, were informed by the subject of a criminal investigation ("the suspect") that plaintiff sodomized the suspect on July 14, 1982; that defendants Thurman and Lodge had information discounting the suspect's accusation; that the officers presented the results of their investigation to the Chief of Police of the City of Albany and that, "[d]espite having no probable cause to seek a criminal warrant, [the Police] Chief allowed the material to be presented to [the District Attorney of Dougherty County, defendant Hind]." Plaintiff alleged that defendant Hind prepared an indictment charging him for committing an act of sodomy in 1982; that this indictment was presented to the Dougherty County Grand Jury outside the four-year limitation period for prosecuting the alleged act of sodomy; that defendant Thurman testified before the grand jury but did not inform "the Grand Jury that the [suspect's] statement incriminating [plaintiff] was inconsistent with other statements [the suspect] made" and that the grand jury indicted plaintiff for committing the 1982 sodomy on October 14, 1986. Plaintiff alleged that he was arrested for the crime charged in the indictment on October 15, 1986, and that, on "January 23, 1987, the Superior Court of Dougherty County ordered that [the indictment charging him with sodomy] be dismissed as a result of the failure of the District Attorney's office to call the case for trial."

After denying the material allegations of the complaint, defendant Hind filed a motion to dismiss based on "the applicable statute of

limitations and prosecutorial immunity." Defendants Thurman, Lodge and the City of Albany denied the material allegations of the complaint and filed a motion for summary judgment. The trial court granted defendant Hind's motion to dismiss finding "that the action is barred by the applicable statute of limitations and that the claim against [defendant Hind] is barred by this Defendant's protected status and the availability to him of the defense of prosecutorial immunity." The trial court granted the motion for summary judgment filed by defendants Thurman, Lodge and the City of Albany, dismissing the action against the City of Albany "on the ground of municipal immunity" and finding that plaintiff "failed to come forward with specific facts tending to show that probable cause did not exist for [plaintiff's] arrest *and* that the charges against him were motivated by malice. . . ." This appeal followed. *Held*:

1. Plaintiff contends the trial court erred in granting summary judgment in favor of defendants Thurman and Lodge, arguing that evidence of the law enforcement officers' failure to disclose information (gleaned during their criminal investigation) to the district attorney or the grand jury diminishing the reliability of the suspect's accusation raises genuine issues of material fact as to probable cause for his prosecution.[1]

Pretermitting the existence of probable cause for the prosecution of plaintiff for sodomy, we observe that "[t]he existence of malice is a condition precedent to an action for malicious prosecution." *C & S Bank of Houston v. McDowell*, 160 Ga. App. 69, 70 (286 SE2d 58). In the case sub judice, plaintiff affirmed during his deposition that he does not have "any evidence that [defendant] Thurman or [defendant] Lodge, at the time that this investigation was done, had any malice against [him]." Further, plaintiff fails to reference any convincing proof in the record that defendants Thurman and Lodge acted with malicious intent in referring their criminal investigation to the District Attorney of Dougherty County.[2] On the contrary, the record in-

---

[1] Plaintiff does not challenge the trial court's order granting defendant Hind's motion to dismiss based on "the applicable statute of limitations and prosecutorial immunity." Nor does he challenge summary judgment in favor of the City of Albany "on the ground of municipal immunity."

[2] Plaintiff relies primarily on the affidavit of a member of the grand jury that returned the indictment against plaintiff who deposed that she recalls some of the testimony supporting the indictment against plaintiff; that defendant Thurman "gave us the distinct impression that [the suspect] was a child [and that] we were reluctant to put a child through the agony of testifying before us." This former grand juror also deposed that she does not recall defendant Thurman advising the grand jury that the State had a "poor case" against plaintiff; that the grand jury was "never told that Albany Police Department had agreed not to prosecute two child molestation cases in exchange for [the suspect's] cooperation . . ." and that the grand jury was not advised of certain evidence which does not corroborate the suspect's accusation against plaintiff.

dicates that defendants Thurman and Lodge referred their criminal investigation to the district attorney upon direction of a supervising law enforcement officer and that defendant Thurman testified before the grand jury upon direction and control of the District Attorney of Dougherty County. See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474).

" 'Where, as in this case, there is no evidence whatever of any fraudulent conduct or improper motive on the part of [defendants Thurman and Lodge], and it appears from the uncontradicted evidence that [plaintiff] was . . . indicted by the grand jury investigating it, and that there were some slight circumstances pointing to his guilt, though not enough to exclude every other reasonable hypothesis, a finding that the prosecution was malicious is without any evidence to support it.' *Darnell v. Shirley*, 31 Ga. App. 764 (9) (122 SE 252) (1924); *Brown v. Scott*, 151 Ga. App. 366, 369 (259 SE2d 642) (1979)." *C & S Bank of Houston v. McDowell*, 160 Ga. App. 69, 70, supra. Consequently, the trial court did not err in granting summary judgment in favor of defendants Thurman and Lodge on plaintiff's claim of malicious prosecution.

2. Next, plaintiff contends the trial court erred in granting summary judgment on his claim of invasion of privacy, arguing that, "[b]y presenting an incomplete and managed set of facts to the District Attorney and Grand Jury, [defendants] caused the issuance of an indictment without probable cause, which placed [him] in a false light." Plaintiff also argues that defendants wrongfully appropriated his likeness for public disclosure by releasing his photograph (apparently) to the media. These arguments are without merit.

"The right to recover under an invasion of privacy theory is restricted where matters of public interest are involved. ' "(W)here an incident is a matter of public interest, or the subject matter of a public investigation, a publication in connection therewith can be a violation of no one's legal right of privacy." (Cit.)' *Meyer v. Ledford*, 170 Ga. App. 245, 247 (316 SE2d 804) (1984). See also *Waters v. Fleetwood*, 212 Ga. 161 (91 SE2d 344) (1956)." *Cox Communications v. Lowe*, 173 Ga. App. 812, 813 (1) (328 SE2d 384). In the case sub judice, defendants Thurman and Lodge were acting in their official capacities as law enforcement officers in investigating a report that plaintiff (also a law enforcement officer) was engaged in criminal conduct. Consequently, any information released by defendants Thurman and Lodge relating to the prosecution of plaintiff (a public official) relates to a matter of public interest and therefore does not constitute an invasion of plaintiff's right to privacy.

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

Decided June 24, 1994 —
Reconsideration denied September 7, 1994 —

Johnny B. Mostiler, for appellant.

Michael J. Bowers, Attorney General, William F. Amideo, Assistant Attorney General, Drew, Eckl & Farnham, Bruce A. Taylor, Jr., B. Holland Pritchard, for appellees.